ACCEPTED
14-15-00585-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
7/28/2015 11:10:01 AM
CHRISTOPHER PRINE
CLERK

NO. 14-15-00585-CV

IN THE FOURTEENTH COURT OF APPEALS

AT HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

7/28/2015 11:10:01 AM

CHRISTOPHER A. PRINE
Clerk

*In re Mercedes Martinez,*

*Relator*

# REAL PARTY IN INTEREST'S RESPONSE TO PETITION FOR WRIT OF MANDAMUS

AGAINST THE HONORABLE JOHN SCHMUDE
JUDGE 247TH DISTRICT COURT, HARRIS COUNTY, TEXAS

THE ENOS LAW FIRM, P.C.

Christina S. Tillinger
Bar No. 24003058
17207 Feather Craft Lane
Webster, TX 77598
Telephone: 281.333.3030
Fax: 281.488.7775
E-mail: christina@enoslaw.com

**ORAL ARGUMENT REQUESTED**

## *Identity of Parties and Counsel*

The following is a list of all parties and all counsel in this matter:

1.	Relator in this matter is Mercedes Martinez, who is the Respondent in the underlying case described below. The attorneys representing Relator in the trial court and in this mandamus action are:

> Mr. Sean M. Reagan
> Leyh, Payne & Mallia, PLLC
> State Bar No. 24046689
> 9545 Katy Freeway, Suite 200
> Houston, Texas 77024
> Tel: 713-785-0881
> Fax: 713-784-0338

2.	Respondents in this matter are the Honorable John Schmude, Judge of the 247th District Court of Harris County, Texas and the Hon. Thomas O. Stansbury, Visiting Judge.

4.	The Real Party in Interest in this case is Hisham Ahmed, and he is represented by:

> Greg B. Enos (counsel on mandamus action)
>   State Bar No. 06630450
> Christina Tillinger (counsel before the trial court)
>   State Bar No. 24003058
> The Enos Law Firm, P.C.
> 17207 Feather Craft Lane
> Webster, Texas 77598
> Telephone: 281.333.3030
> Facsimile: 281.488.7775

i

## Table of Contents

Identity of Parties and Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Issue Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    1.    How Orders Are Entered in Family Court . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    2.    Facts Ms. Martinez Did Not Include in Her Petition . . . . . . . . . . . . . . . . . 3

    3.    Undisputed Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    4.    The Divorce Decree is Not Void, so Ms. Martinez
        Cannot Collaterally Attack It . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    5.    Martinez Cites Cases on Orders Based on Mediation
        Agreements and on "Agreed" Orders Which Are Not
        Applicable to The Facts of this Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        A.    The Trial Court Did Not Refuse to Honor the
                Mediated Settlement Agreement When it Entered
                the 2013 Divorce Decree. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        B.    The Cases on "Agreed Orders" Cited by Martinez
                Simply Do Not Apply to the Facts of This Case. . . . . . . . . . . . . . . 7

    6.    It Does Not Matter that Ms. Martinez Did Not Sign the Judgment . . . . . . 8

    7.    Lack of Consent Does Not Render a Judgment Void . . . . . . . . . . . . . . . . . 8

    8.    Allowing a Party Who Did Not Attend an Entry Hearing,
        Who Did Not Seek a New Trial or Appeal to Years Later
        Collaterally Attack a Divorce Decree is Very Bad Public Policy . . . . . . . 10

    9.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Request for Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Certificate of Word Count Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**Appendix** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    Court's Docket Sheet . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . TAB A

    Response to Motion to Set Aside Judgment and
    Order for Enforcement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . TAB B

**Affidavit** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**Index of Authorities**

Cases

Biaza v. Simon, 879 S.W.2d 349, 354 (Tex. App.–Houston [14th Dist.]
    1994, writ denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 9

*Blackburn v. Blackburn*, 02-12-00369-CV (Tex. App. - Fort Worth,
    5/7/2015, no writ hist.)(mem. op.) . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 8

*Brennan v. Greene,* 154 S.W.2d 523, 526 (Tex. Civ. App. –
    San Antonio 1941, writ ref'd) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 9

*Burnaman v. Heaton*, 240 S.W.2d 288 (Tex. 1951) . . . . . . . . . . . . . . . . . . . Page 8

*Campbell v. Campbell,* 02-12-00313-CV (Tex. App. - Fort Worth,
    5/15/2014, no pet. hist.)(mem. op.) . . . . . . . . . . . . . . . . . . . . . . . . . . Page 2

*City of Houston v. Anchor-Hocking Glass Corporation*, 467 S.W.2d 677
    (Tex. Civ. App. - Houston [1st Dist.] 1971, ref. n.r.e.) . . . . . . . . . . . . . . . Page 8

*Grivel v. Atlantic Mut. Ins. Co.,* 513 S.W.2d 297 (Tex. Civ. App.
    - Corpus Christi 1974, writ ref'd n.r.e.) . . . . . . . . . . . . . . . . . . . . . . . Page 8

*Hagen v. Hagen*, 282 S.W.3d 899 (Tex.2009) . . . . . . . . . . . . . . . . . . . . . . . Page 5

*In re Lee*, 411 S.W.3d 445 (Tex. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 6

*Lemonds v. Le,* No. 05-99-01156-CV (Tex.App-Dallas Apr. 11, 2000, no pet.) . . . Page 8

*Marrs & Smith P'ship v. D.K. Boyd Oil & Gas Co., Inc.*, 223 S.W.3d 1
    (Tex. App. - El Paso 2005, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . Page 2

*Milner v. Milner*, 361 S.W.3d 615 (Tex. 2012) . . . . . . . . . . . . . . . . . . . . . . Page 7

*Philipp v. Tex. Dep't of Family & Protective Servs.*,
    No. 03–11–00418–CV (Tex. App. – Austin 4/4/ 2012, no pet.) (mem. op.) . Page 7

*PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267 (Tex., 2012) . . . . . . . . . . . . . . . . Page 6, 9

*Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex.2003) . . . . . . . . . . . . . . . . . . . . . Page 5

*Sandoval v. Rattikin*, 395 S.W.2d 889 (Tex. Civ. App. - Corpus Christi
    1965, writ ref'd n.r.e.), cert. denied, 385 U.S. 901, 87 S.Ct. 199,
    17 L.Ed.2d 132 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 8

*Sawyer v. Smith,* 522 S.W. 2d 936, 939-40
    (Tex.App.– Waco 1977, writ ref'd n.r.e) . . . . . . . . . . . . . . . . . . . . . . . Page 9

*Scruggs v. Linn*, 443 S.W.3d 373 (Tex. App. - Houston [14th Dist.] 2014, no pet.) . Page 7

*Stein v. Stein*, 868 S.W.2d 902 (Tex. App. - Houston [14th Dist.] 1994, no writ)  . . Page 8

*Wallace v. McFarlane*, No. 01-10-00368-CV (Tex. App. - Houston
[1st Dist.] 8/22/2013, no pet. hist.)(mem. op.) . . . . . . . . . . . . . . . . . . . . . . . Page 3

Statutes

Texas Family Code Sec 153.0071. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 6

## *Issue Presented*

Is a divorce decree based on a mediated settlement agreement void because one party (who did not attend the trial court's entry hearing) did not sign the order and over two years later complains that the order does not comply with the mediated settlement agreement?

## *Statement of Facts*

The underlying case is an enforcement action of a 2013 divorce decree. Mr. Ahmed wanted to travel with his seven year old son to visit family in Egypt. The mother, Ms. Martinez, refused to sign a consent to international travel and Mr. Ahmed filed an enforcement action to make her sign. The Hon. Judge John Schmude on June 24, 2015 ordered Ms. Martinez to sign the consent form by 5:00 p.m. on June 26, 2015 but she refused to do so. A second Motion for Enforcement was filed to enforce the June 24th order. On July 7, 2015, the visiting judge, the Hon. Thomas Stansbury, ordered Ms. Martinez to sign the consent form in court immediately but then reconsidered and ordered Martinez to appear before Judge Schmude on July 13, 2015 to consider the argument made by counsel for Martinez. The July 13 hearing was stayed by an order of this court.

Mr. Ahmed was able to fly to Egypt with his son without the consent form. He is scheduled to return with his son on July 29 and he wants the signed consent form to make sure there are no problems returning to Texas with the child.

## *Argument*

The question presented to this court is of importance to the parties (who think they were divorced in 2013), but it is of huge importance to the operation of family courts in Texas, where orders and divorce decrees are routinely entered without signatures of all parties or counsel at or after properly noticed entry hearings.

1

This court is asked by Ms. Martinez to rule that final judgments that were never appealed or directly attacked can be ruled void years later simply because a party did not sign or approve the order, failed to attend the entry hearing when the order was submitted to the judge and failed to complain at the time that the order allegedly deviated from the mediated settlement agreement upon which it is based.

## 1.    How Orders Are Entered in Family Court

Judges in Texas almost never prepare their own orders. One of the attorneys in a case is directed to draft an order based on the judge's ruling or the agreement of the parties. An entry hearing is set by the court which serves as a deadline to get the order turned into the court. If all parties agree on the order, they can sign the order and submit it to the court without appearing in court. If there is a dispute over the form of the order, attorneys (and often parties) appear at the entry hearing to make their arguments to the judge and get a ruling on what the order should say.[1]

In a divorce case, one or both parties must appear before the court to provide testimony that allows the court to grant the divorce and at that "prove up" appearance, either an order that has already been agreed to is submitted or the judge schedules an entry date.

*Campbell v. Campbell,* 02-12-00313-CV (Tex. App. - Fort Worth, 5/15/2014, no pet. hist.)(mem. op.), is an example of the entry of a divorce decree following settlement at mediation. There, the parties settled at mediation and the husband filed a motion to enter judgment based on the mediated settlement agreement. The wife did not appear at the hearing, but her attorney did and the judge signed the divorce decree without the wife signing the order. On appeal, the Court of Appeals refused to set aside the divorce decree.

---

[1]    An example of this process in a non-family case happened in *Marrs & Smith P'ship v. D.K. Boyd Oil & Gas Co., Inc.,* 223 S.W.3d 1, 14 (Tex. App. - El Paso 2005, pet. denied). The judge conducted a trial, sent counsel his ruling and conducted an entry hearing to make sure the judgment conformed with his ruling. The parties and their lawyers attended and made their arguments on what the order should have said.

*Wallace v. McFarlane*, No. 01-10-00368-CV (Tex. App. - Houston [1ˢᵗ Dist.]

8/22/2013, no pet. hist.)(mem. op.) is another example of this process:

> After over four years of acrimonious divorce proceedings, Wallace and McFarlane eventually entered into a binding, mediated settlement agreement (MSA) on November 4, 2009. At a hearing on November 25, 2009, the trial court approved the MSA and asked McFarlane's counsel to prepare a draft of the decree based its terms. McFarlane and Wallace's respective counsels exchanged at least five drafts of the proposed decree over the course of the next month. Although the parties disagreed about some of the terms included in the initially-circulated drafts of the decree, no attempt was made to arbitrate any of these disputes prior to the entry hearing.

> The trial court held an entry hearing on December 29, 2009. At that hearing, the parties informed the trial court that they were generally in agreement with respect to the terms of the proposed decree, with three or four exceptions that they wanted to discuss. According to Wallace, the latest draft decree circulated by McFarlane contained numerous unauthorized changes to the parties' MSA. Attorneys for both parties and the amicus attorney representing the children discussed the challenged portions of the decree with the trial court and made hand-written changes to McFarlane's latest draft.

> During one such discussion, Wallace informed the trial court that the parties had agreed to arbitrate any disputes regarding the drafting and execution of the MSA and that she was reserving her right to arbitrate these disputes. Wallace did not, however, ask for a continuance or ask the trial court to refrain from signing a final divorce decree pending such arbitration. On the contrary, Wallace's counsel advised the court that a final decree could still be signed that day and that if the arbitrator later determined that the decree differed from the terms agreed to in the MSA, he would simply file a motion for judgment nunc pro tunc to correct the error. At the end of the hearing, counsel for Wallace, McFarlane, and the children initialed each page of the decree with the hand-written interlineations, and signed that version of the decree "approved as to form." The trial court signed the decree that same day.

## 2. Facts Ms. Martinez Did Not Include In Her Petition

The Petition for Writ of Mandamus filed by Ms. Martinez includes inflammatory (and largely nonrelevant) allegations and argument of the sort usually aimed at juries rather than at justices on courts of appeals. However, there are a few facts Ms. Martinez failed to mention in her petition, including:

- On October 14, 2013, the date assigned for trial, the judge heard the testimony of the parties and granted a divorce based on the parties' mediated settlement agreement. The Child Support Division of the Texas Attorney General was a

3

party to the suit and did not appear, so a "default" was taken as to the O.A.G. The court set an entry hearing for November 4, 2013.[2]

- Counsel for Mr. Ahmed drafted the divorce decree and sent it to counsel for Ms. Martinez, who requested several changes to the order. All of the changes to the draft decree requested by Ms. Martinez's lawyer were made. The lawyer for Ms. Martinez never complained or mentioned that the divorce decree did not contain the provision Ms. Martinez now complains is missing regarding consent to travel.[3]

- On November 4, 2013, counsel for Mr. Ahmed appeared at the entry hearing but the lawyer for Ms. Martinez did not. The judge instructed counsel to leave the proposed order with the court. Later that morning, the two lawyers ran into each other and Mr. Ahmed's lawyer told Ms. Martinez's lawyer what had happened at the entry hearing she had missed. The lawyer for Ms. Martinez promised to go by the court and sign the order, but she never did.[4] Judge Bonnie Hellums signed the order submitted by Mr. Ahmed's counsel on November 12, 2013, eight days after the entry hearing.

3.    **Undisputed Facts**

It is undisputed that:

- The trial court in 2013 had jurisdiction over the divorce case and the parties.

- The final decree of divorce was signed on November 12, 2013 and the trial court's plenary power long ago expired.

---

[2]    Affidavit of Christina S. Tillinger, attached in Appendix- Tab B

[3]    Affidavit of Christina S. Tillinger, attached in Appendix - Tab B

[4]    Affidavit of Christina S. Tillinger, attached in Appendix - Tab B

4

- Ms. Martinez did not file a motion for new trial or appeal the November 12, 2013 divorce decree.

- Ms. Martinez has not filed a petition for bill of review to challenge the 2013 divorce decree.

- Ms. Martinez has not filed a motion for judgment nunc pro tunc alleging that the omission of the consent to travel provision was a "clerical error."

- This mandamus arises from a collateral attack made by Ms. Martinez on the 2013 divorce decree in which she seeks to avoid enforcement of the decree because she claims it is void.

- Ms. Martinez in 2013 did not object to the trial court at the time about the alleged omission from the divorce decree of the consent to travel provision she complains about now.

## 4. The Divorce Decree is Not Void, so Ms. Martinez Cannot Collaterally Attack It

Ms. Martinez did not request a new trial or appeal the 2013 divorce decree, nor has she filed a bill of review or sought an order nunc pro tunc to correct an alleged "clerical error." Instead, she is mounting a collateral attack on the 2013 judgment. The Texas Supreme Court has made it clear:

> *As with other final, unappealed judgments which are regular on their face, divorce decrees and judgments are not vulnerable to collateral attack. The decree must be void, not voidable, for a collateral attack to be permitted. Errors other than lack of jurisdiction over the parties or the subject matter render the judgment voidable and may be corrected only through a direct appeal.*

*Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex.2009)(citations omitted); *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex.2003).

The Texas Supreme Court in 2012 very clearly explained the difference between a void and a voidable judgment and a direct attack and a collateral attack:

5

*Because there is some inconsistency in our state's jurisprudence concerning important distinctions between void and voidable judgments and direct and collateral attacks, we begin our analysis with a discussion of clarifying principles. It is well settled that a litigant may attack a void judgment directly or collaterally, but a voidable judgment may only be attacked directly. A direct attack—such as an appeal, a motion for new trial, or a bill of review—attempts to correct, amend, modify or vacate a judgment and must be brought within a definite time period after the judgment's rendition.*

*A void judgment, on the other hand, can be collaterally attacked at any time. A collateral attack seeks to avoid the binding effect of a judgment in order to obtain specific relief that the judgment currently impedes. After the time to bring a direct attack has expired, a litigant may only attack a judgment collaterally.*

*The distinction between void and voidable judgments is critical when the time for a direct attack has expired. Before then, the distinction is less significant because—whether the judgment is void or voidable—the result is the same: the judgment is vacated. We have described a judgment as void when "the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act."*

*PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271-2 (Tex., 2012)(citations omitted)

## 5. Martinez Cites Cases on Orders Based on Mediation Agreements and on "Agreed" Orders Which Are Not Applicable to The Facts of this Case.

Martinez cites many cases that say a court must enter an order based on a mediated settlement agreement and a court cannot enter an "agreed" order after one party revokes consent. None of those cases are germane to the facts of this case.

### A. The Trial Court Did Not Refuse to Honor the Mediated Settlement Agreement When it Entered the 2013 Divorce Decree.

Martinez cites *In re Lee*, 411 S.W.3d 445 (Tex. 2014) and other cases that have held that Tex. Family Code Sec. 153.0071 prevents a trial court from substituting its judgment for the terms of the mediated settlement agreement. That is indeed what *Lee* and the other cases Martinez cites held, but they have no application to this case. In those cases, such as *Lee*, the parties settled at mediation and then the trial court refused to honor the terms of their settlement or added provisions that were not in the MSA and a party appealed or, as in *Lee*, sought a writ of mandamus while the case was pending because the judge would not enter a final order.

6

In this case, the trial judge did not substitute her judgment for the terms of the mediated settlement agreement or refuse to accept the M.S.A. In fact, the trial court conducted a hearing, heard testimony and accepted the terms of the mediated settlement agreement and scheduled an entry hearing for an order based on the M.S.A.

The complaint made by Ms. Martinez is that the trial court in 2013 signed an order (that she did not object to at the entry hearing or appeal) which she now contends two years later does not comply with the terms of the mediated settlement agreement. In contrast, for example, *Philipp v. Tex. Dep't of Family & Protective Servs.*, No. 03–11–00418–CV (Tex. App. – Austin 4/4/ 2012, no pet.) (mem. op.) cited by Martinez involved parents who appealed and made a direct attack on a final order because it did not comply with a mediated settlement agreement. Martinez failed to appeal the 2013 divorce decree and so that case does not apply here.

*Scruggs v. Linn*, 443 S.W.3d 373 (Tex. App. - Houston [14th Dist.] 2014, no pet.) cited several times by Martinez likewise involved an appeal (a direct attack) on a final modification order which one parent argued did not comply with a mediated settlement agreement. That is not the situation here and *Scruggs* does not hold that an order that deviates from a mediated settlement agreement is void.

Likewise, *Milner v. Milner*, 361 S.W.3d 615 (Tex. 2012) relied on by Martinez involved a direct appeal of a divorce decree that deviated from the terms of the mediated settlement agreement. In fact, NONE of the cases cited by Martinez which hold that a court's order cannot deviate from a mediated settlement agreement held such orders to be void and open to collateral attack.

**B.     The Cases on "Agreed Orders" Cited by Martinez Simply Do Not Apply to the Facts of This Case.**

Martinez cites some of the many cases that have held that a court cannot enter an "agreed" order if a party has previously withdrawn its consent to the settlement. For example,

7

*Burnaman v. Heaton*, 240 S.W.2d 288 (Tex. 1951) did indeed state that,"when consent is lacking at the time the agreed judgment is rendered, the judgment is void and must be set aside." However, *Burnaman* involved an appellant who had revoked her consent on the record before judgment was entered and it involved an appeal, a direct attack on the judgment. Likewise, *Stein v. Stein*, 868 S.W.2d 902 (Tex. App. - Houston [14th Dist.] 1994, no writ) dealt with a party who had filed a revocation of her consent to the agreed judgment in writing prior to the entry of the judgment. Ms. Martinez never revoked her consent to the mediated settlement agreement prior to the judge's rendition and acceptance of the settlement. This case involves an entirely different complaint – that the order supposedly does not comply with the mediated settlement agreement (an argument Martinez waived by not appearing at the entry hearing or filing a motion for new trial or appeal).

## 6. It does Not Matter that Ms. Martinez Did Not Sign the Judgment

It is not a condition precedent to the proper entry of a judgment for a party or opposing counsel to approve the judgment as to form prior to its entry by the trial court. This is a matter of professional courtesy and its lack of approval as to form does not render such entry of the judgment invalid. *Sandoval v. Rattikin*, 395 S.W.2d 889 (Tex. Civ. App. - Corpus Christi, 1965, writ ref'd n.r.e.), cert. denied, 385 U.S. 901, 87 S.Ct. 199, 17 L.Ed.2d 132 (1966); *City of Houston v. Anchor-Hocking Glass Corporation*, 467 S.W.2d 677 (Tex. Civ. App. - Houston [1st Dist.] 1971, ref. n.r.e.); *Grivel v. Atlantic Mut. Ins. Co.,* 513 S.W.2d 297 (Tex. Civ. App. - Corpus Christi 1974, writ ref'd n.r.e.)

*Blackburn v. Blackburn*, 02-12-00369-CV (Tex. App. - Fort Worth, 5/7/2015, no writ hist.)(mem. op.) is an example of a divorce decree based on a MSA that was upheld even though neither spouse signed or approved the divorce decree.

## 7. Lack of Consent Does Not Render a Judgment Void

*Lemonds v. Le,* No. 05-99-01156-CV (Tex.App-Dallas Apr. 11, 2000, no pet.) Agreed

8

judgments have the same binding force and effect as judgments resulting from a trial before the court or the jury and are subject to collateral attack only if the rendering court did not have jurisdiction to render the judgment. (citing Biaza v. Simon, 879 S.W.2d 349, 354 (Tex. App.–Houston [14th Dist.] 1994, writ denied))).

An agreed judgment might be erroneous if rendered without the agreement of a party, but "consent" is not jurisdictional, an an asserted lack of consent does not render the judgment void.

Two Texas cases have addressed this issue, and both have correctly concluded that arguments regarding a lack of consent must be raised by appeal or bill of review. If Melgar "wished to contend that he did not in fact agree to the judgment, he would have to [have] do[ne] so by a direct attach upon the judgment and [could] not do so in a collateral proceeding." *Brennan v. Greene,* 154 S.W.2d 523, 526 (Tex. Civ. App. – San Antonio 1941, writ ref'd); *see also Sawyer v. Smith,* 522 S.W. 2d 936, 939-40 (Tex.App.– Waco 1977, writ ref'd n.r.e) (stating that "[a] valid consent judgment cannot be rendered by a direct attach upon the judgment and cannot do so in a collateral proceeding").

An agreed judgment might be erroneous if rendered without the agreement of a party, but "consent" is not jurisdictional, and an asserted lack of consent does not render the judgment void. Absence of consent does not establish that "the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *PNS Stores,* 379 S.W.3d at 272.

A party wishing to contend that he did not consent to an agreed judgment must do so by appeal or by bill of review. *Brennan v. Greene,* 154 S.W. 2d 523, 526 (Tex.Civ. App. – San Antonio 1941, writ ref'd); *Sawyer v. Smith,* 552 S.W. 2d 936, 939-40 (Tex. App. – Waco 1977, writ ref'd n.r.e). He "cannot do so in a collateral proceeding." *Sawyer,* 522 S.W.2d at 939-40.

9

**8. Allowing a Party Who Did Not Attend an Entry Hearing, Who Did Not Seek a New Trial or Appeal to Years Later Collaterally Attack a Divorce Decree is Very Bad Public Policy**

All parties to a lawsuit benefit from finality when a case ends with a final order. This is particularly true in divorce cases, because divorced former spouses rely on the final terms of the divorce decree when they remarry, make decisions for their children, pay child support or dispose of property awarded to them.

It would be calamitous to most former spouses if their divorce decrees could be challenged years later simply because one spouse refused to sign the order or attend variance between the decree and the settlement agreement it is based on.

**9. Conclusion**

The Honorable Thomas O. Stansbury engaged in no action that could be subject to a Mandamus, as he deferred all rulings to The Honorable John Schmude.

Ms. Martinez cannot collaterally attach the 2013 divorce decree because it is not void. Judge Schmude thus did not abuse his discretion and the application for writ of mandamus should be denied.

**10. Request for Relief**

Real party in interest requests that this Court deny the petition for writ of mandamus and for such other and further relief to which Relator may be entitled.

Respectfully submitted,

THE ENOS LAW FIRM, P.C.

17207 Feather Craft Lane
Webster, Texas 77598
Telephone: 281-333-3030
Fax: 281-488-7775

By: _____
Christina S. Tillinger
Bar No. 24003058
Christina@enoslaw.com

10

## VERIFICATION

I swear under oath that the factual allegations in the above Real Party In Interest Response to Petition for Writ of Mandamus are within my personal knowledge and are true and correct.

_____
Christina S. Tillinger

SIGNED under oath before me on ___July 27___, 2015.


_____
Notary Public, State of Texas

ERIN L PATTERSON
NOTARY PUBLIC
STATE OF TEXAS
MY COMMISSION EXPIRES NOVEMBER 1, 2016

11

## Certificate of Service

A copy of this notice is being filed with the appellate clerk in accordance with rule 25.1(e) of the Texas Rules of Civil Procedure. I certify that a true copy of this Petition for Writ of Mandamus was served On July 27, 2015, in accordance with rule 9.5 of the Texas Rules of Appellate Procedure on each party or the attorney for such party indicated below by certified mail, return receipt requested.

Christina S. Tillinger

Hon. John Schmude
247th Judicial District Court
201 Caroline, 15th Floor
Houston, Texas 77002

Hon. Thomas O. Stansbury
3207 Mercer Street
Houston, Texas 77027

Mr. Sean Reagan,
Attorneys for Relator
Leyh, Payne & Mallia, PLLC
9545 Katy Freeway, Suite 200
Houston, Texas 77024

## CERTIFICATE OF WORD COUNT COMPLIANCE

In compliance with TEX. R. APP. P. 9.4, relying on the word county function in the word processing software used to produce this document, I certify that the number of words in this document including footnotes (excluding captions, statement regarding oral argument, table of contents, table of authorities, statement of the case, statement of issues presented, statement of procedural history, signature, proof of service, certification, certificate of compliance and appendix) is 3523.

**Christina S. Tillinger**

13

NO. 14-15-00585-CV

IN THE FOURTEENTH COURT OF APPEALS

AT HOUSTON, TEXAS

IN RE MERCEDES MARTINEZ, RELATOR

## REAL PARTY IN INTEREST

### APPENDIX OF DOCUMENTS

TAB A      COURT'S DOCKET SHEET

TAB B      RESPONSE TO MOTION TO SET ASIDE
JUDGMENT AND ORDER FOR ENFORCEMENT

TAB A

# 2013-08674

**COURT:** 247th
**FILED DATE:** 2/13/2013
**CASE TYPE:** DIVORCE W/CHILDREN



## AHMED, HISHAM

Attorney: TILLINGER, CHRISTINA S.

### vs.

## MARTINEZ, MERCEDES

Attorney: MARTIN, KIRI

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |
| 2/22/2013 | TRORX - ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER |
| 2/22/2013 | CASO - ORDER SIGNED SETTING HEARING |
| 3/13/2013 | XTROX - ORDER EXTENDING TEMPORARY RESTRAINING ORDER SIGNED |
| 4/2/2013 | r/set to AJ on April 9 @ 1:30pm. will consider m/u periods of visitation based on the testimony and evidence. |
| 4/9/2013 | temporary orders as announced on the record (SS). entry 4/19/13 |
| 4/19/2013 | TEOK - TEMPORARY ORDER SIGNED WITH CHILDREN |
| 4/19/2013 | AOWOX - ORDER SIGNED GRANTING ASSIGNMENT OF WAGES |
| 10/14/2013 | divorce granted per MSA as announced on the record and j rendere on this day (although OAG was sent schedule order no show so proceeded via default). entry 11/4 |
| 11/12/2013 | 6 - AGREED JUDGMENT, ORDER SIGNED |
| 11/12/2013 | AOWOX - ORDER SIGNED GRANTING ASSIGNMENT OF WAGES |
| 6/16/2015 | CASO - ORDER SIGNED SETTING HEARING |
| 6/24/2015 | R ordered to sign consent to travel by 5 pm on Friday, 6-26-15. Movant withdraws any request that R be held in contempt. Movant awarded atty fees in the amount of $750. Order signed. |
| 6/26/2015 | 13D - AGREED ORDER OF CONTEMPT SIGNED |
| 6/26/2015 | 13D - AGREED ORDER OF CONTEMPT SIGNED |
| 6/30/2015 | CASO - ORDER SIGNED SETTING HEARING |
| 7/7/2015 | Parties and counsel in ct. Ms. Martinez sworn and ordered to appear July 13, 2015 at 9:30a.m. t.stansbury, judge |
| 7/17/2015 | CASO - ORDER SIGNED SETTING HEARING |

TAB B

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

NO. 2013-08674

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| AMEEN AHMED | § | 247TH JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | HARRIS COUNTY, TEXAS |

## RESPONSE TO MOTION TO SET ASIDE JUDGMENT
## AND ORDER FOR ENFORCEMENT

Hisham Ahmed respectfully requests that this Court DENY the Motion to Set Aside Judgment and Order for Enforcement filed by Mercedes Martinez.

The Agreed Final Decree of Divorce entered on November 12, 2013 is a valid court order, and there are no proper grounds for which this Court should render that order void. A judgment is void only if the court rendering the judgment had no jurisdiction or no capacity to act. Neither is true; therefore, Mercedes Martinez' only remedy would have been, depending on the circumstances and timing, a Motion for New Trial, Bill of Review, or direct appeal.

Furthermore, this Court has already dismissed Movant Mercedes Martinez' request to set aside or declare void the Agreed Final Decree of Divorce by considering Movant's arguments at the hearing on Hisham Ahmed's Motion for Enforcement held on June 24, 2015, at which time the Court found that the Agreed Final Decree of Divorce was a valid, enforceable court order, and indeed entered an order enforcing the decree. The argument was again attempted at the second enforcement hearing on July 7, 2015, and again failed.

### BACKGROUND

The affidavit of Christina S. Tillinger, counsel for Hisham Ahmed, is attached as Exhibit A and incorporated by reference. This Affidavit provides the Court a time line of events during the 2013 Ahmed/Martinez divorce, as well as an explanation of the language from the Mediated Settlement Agreement and how it was incorporated into the Agreed Final Decree of Divorce, which is partially at issue in this case.

1

Movant and Respondent have a different interpretation of the language in the Mediated Settlement Agreement, and whether or not it is properly reflected in the Agreed Final Decree of Divorce.

However, that interpretation is irrelevant in light of the fact that the Agreed Final Decree of Divorce is a valid court order, based on a Mediated Settlement Agreement, and any differences between the Decree and the Mediated Settlement Agreement are controlled by the language of the Decree. Therefore, this Court need not even consider the differences between the two documents, as long as the Agreed Final Decree of Divorce is a valid court order.

## ARGUMENT AND AUTHORITIES

### Void Orders

In order for this Court to set aside the Agreed Final Decree of Divorce, the Court must find that the Agreed Final Decree of Divorce is VOID. The Agreed Final Decree of Divorce can only be void if "the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of subject matter, no jurisdiction to enter the particular judgement, or no capacity to act". *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012). "Errors other than lack of jurisdiction over the parties or the subject matter render the judgment voidable and may be corrected only through a direct appeal". *Hagen v. Hagen*, 282 S.W.3d 899 (Tex. 2009).

As set forth in the attached Affidavit, the underlying case was a divorce action pending in the 247th Judicial District Court of Harris County, Texas. The Honorable Bonnie Hellums was in the 3rd year of her final term as judge, and certainly had the "capacity to act". The parties had resided in Harris County, Texas for the requisite period of time, and all property was located in Harris County, Texas. Therefore, Judge Hellums had the jurisdiction over the parties and property, the subject matter, and the judgment that was entered.

The Agreed Final Decree of Divorce is a valid court order, and is not void.

### Consent

Mercedes Martinez is attempting to argue that there was a lack of consent to the Agreed Final Decree of Divorce and, therefore, that renders the Decree void.

2

As set forth above, lack of consent does not render a judgment void. An agreed judgment might be erroneous if rendered with out the agreement of a party, but "consent" is not jurisdictional, and an asserted lack of consent does not render the judgment void. Absence of consent does not establish that "the court rendering judgement had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *PNS Stores*, 379 S.W.3d at 272.

These types of arguments are to be raised in a direct attack on the divorce decree, and not in a collateral proceeding.

Mercedes Martinez cites the case *Burnaman v. Heaton*, 240 S.W.2d 288 (Tex. 1951) and states in her motion that "when consent is lacking at the time the agreed judgment is rendered, the judgment is void and must be set aside. *Burnaman* is distinguishable from the case at hand in several ways.

First, the appellant in that case revoked her consent on the record before judgment was entered. In our case, Mercedes Martinez signed a Mediated Settlement Agreement, and was represented by counsel both at mediation and at the prove-up and entry of the Agreed Final Decree of Divorce, and at no time made it known to anyone, much less the Court, that she had revoked her consent. Any revocation of consent on the part of Mercedes Martinez has come over two years later, when she is unhappy with the current circumstances. She did not file a Motion for New Trial, a Bill of Review, or an Appeal. To now attempt to set aside the Decree and ask that it be deemed void is disingenuous.

Second, the appellant in *Burnaman* went through the appeals process rather than filing a Motion to Set Aside Judgment in the trial court and a mandamus with the Court of Appeals, neither of which are the proper means by which to have a court order declared void.

The *Burnaman* case also states, "When a trial court has knowledge that one of the parties to a suit does not consent to a judgment, agreed to by his attorney, the trial court should refuse to give the agreement the sanction of the court so as to make it the judgment of the court. Any judgment rendered on the agreement under such circumstances will be set aside." *Id* at 291. In the case at hand, the trial court had no indication whatsoever that Mercedes Martinez "did not consent" to the Agreed Final Decree of Divorce. To the contrary, she had signed the Mediated Settlement Agreement, was represented by counsel throughout the case, and did not, for two years, complain about anything in the Decree. In fact, Mercedes Martinez has followed the Agreed Final Decree of Divorce by accepting child support from Hisham Ahmed, by honoring the visitation schedule for the child and, most on point, by following the Passport Provisions

3

(Agreed Final Decree of Divorce, page 6) as recently as March 2015 when she signed the requested Consent to Travel upon the request of Hisham Ahmed.

Mercedes Martinez also cites the case of *Stein v. Stein*, 868 S.W.2d 902 (Tex. App. - Houston [14th Dist.] 1994, no writ) to make her point regarding consent. However, that case is distinguishable in that the litigant/appellant seeking to have the decree declared void had filed a *revocation of her consent to the agreed judgment in writing prior to the entry of the judgment.*

Mercedes Martinez' Motion misstates that the Temporary Orders in this case were "agreed to by the parties and signed by the Court", when, in fact, these Temporary Orders were the result of a contested hearing before Associate Judge Meca Walker and, for that reason, do not bear the signature of either party. Therefore, that argument falls on its face.

Further on the issue of consent, Mercedes Martinez cites *Kaspar v. Patriot Bank*, No. 05-10-1530-V, 2012 WL 2087182 at *4 (Tex. App. - Dallas June 8, 2012 no pet) for the principal that, "A trial court should not enter an agreed judgment if it possesses information that would reasonably prompt further inquiry, and such inquiry, if pursued, would disclose a lack of consent."

The 247th Judicial District Court of Harris County is, and always has been, an extremely busy Court. There is no way that The Honorable Bonnie Hellums, or any other judge sitting on that bench, as the ability or the time to review each and every agreed order against the underlying Rule 11 or Mediated Settlement Agreement. These judges rely on the parties and their counsel to ensure that agreed orders are properly drafted. Mercedes Martinez was represented by the same attorney from the beginning until the end of the divorce action. The decree was drafted, changes were requested by counsel for Mercedes Martinez, and the changes were made. See Affidavit of Christina S. Tillinger, attached and incorporated by reference.

In this case, Judge Bonnie Hellums did not have "information that would reasonably possess further inquiry" or any evidence that "would disclose a lack of consent".

Based on all of the above, the issue of Mercedes Martinez' "lack of consent" fails to result in a finding that this Agreed Final Decree of Divorce is void.

## Plenary Power of the Trial Court

A trial court retains plenary power to vacate, modify, correct or reform its judgment for thirty days after the judgment is signed. Tex. R. Civ. P. 329b(d). After a trial court's plenary power expires, it lacks power to alter its judgment: "An order signed after the trial court loses plenary power is void." *In re J.P.L.*, 359 S.W.3d 695, 705 (Tex. App. - San Antonio 2011, pet. denied)(citing *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008) (orig. proceeding)).

The Agreed Final Decree of Divorce in this case was entered on November 12, 2013. The trial court's plenary power expired thirty days later, on December 12, 2013. Mercedes Martinez failed to file any motion that would have extended the trial court's plenary power.

Once the trial court's plenary power expired, the trial court retained jurisdiction only to enforce or clarify the Agreed Final Decree of Divorce. Therefore, Hisham Ahmed's Motion for Enforcement and the subsequent Order on Motion for Enforcement and the contempt findings were within the court's power, and proper.

If the trial court grants Mercedes Martinez' Motion to Set Aside Judgment, the trial court would be acting outside of its jurisdiction and power at that time. In fact, such an action would easily be the subject of a mandamus. See *In re Anderson*, No. 14-05-00820-CV, 2005 WL 3074680 (Tex.App. - Houston [14th Dist.] Nov. 17, 205)(original proceeding). In that case, the trial court signed a divorce decree on April 15, 2015, and then attempted to vacate the judgment on July 28, 2015. Because there were no post-trial motions that would have extended the trial court's plenary power, which, by that time, had expired, the Fourteenth Court of appeals held that the "order vacating the final divorce decree [was] void and the trial court abused its discretion in vacating the April 15, 2015 judgment". *Id* at \*2. Mandamus was granted in that case.

## Finality of Judgments

It seems that in no other area of the law would the importance of finality of judgment be more important than in Family Law. Termination of parental rights, adoption of children, and divorces all demand that judgments should be final, and parties should be able to rely on their finality.

The consequences of the trial court deeming this Agreed Final Decree of Divorce void would be detrimental to the parties and to the child. The continued accumulation of community property for the past two years, the continued acquisition of debt, new relationships on the part of either party, and many more issues would be unresolved if this

5

judgment were to be declared void. The cost to both parties, and to the child, both financial and emotional, of having to relitigation the issues would be unfathomable.

Both parties have relied on this Agreed Final Decree of Divorce, without issue, for the past two years. Parental rights, visitation, and child support have been followed without issue for the past two years. Even the passport provision has been followed, again as recently as March 2015.

### SUMMARY

The Agreed Final Decree of Divorce entered on November 12, 2013 is a valid court order, and should not be declared void.

An order cannot be declared void unless the Court lacks jurisdiction or capacity to ask.

Lack of consent does not rise to the level of a lack of jurisdiction or capacity to act and, therefore, cannot be the basis of declaring an order void.

The trial court does not have the plenary power to declare the Agreed Final Decree of Divorce void.

Mercedes Martinez did not make her alleged lack of consent known at the time of rendition, nor at the time of entry, nor by filing a Motion for New Trial, nor by filing a Bill of Review. In fact, Mercedes Martinez has followed every aspect of the Agreed Final decree of Divorce, and has received every benefit (child support) of the Agreed Final Decree of Divorce, including the provision that she now disapproves of, since November 2013.

This Court should continue to uphold the Agreed Final Decree of Divorce.

It was necessary to secure the services of Christina S. Tillinger, a licensed attorney, to enforce and protect the rights of Hisham Ahmed and the child the subject of this suit. Respondent should be ordered to pay reasonable attorney's fees, expenses, and costs, and a judgment should be rendered in favor of the attorney and against Respondent and be ordered paid directly to the undersigned attorney, who may enforce the judgment in the attorney's own name.

6

Respectfully submitted,

**THE ENOS LAW FIRM, P.C.**
17207 Feather Craft Lane
Webster, Texas 77598
Telephone: 281-333-3030
Fax: 281-488-7775

By: ___/S/ Christina S. Tillinger___
   **Christina S. Tillinger**
   E-mail: christina@enoslaw.com
   SBOT No. 24003058
   Attorney for Movant

### Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on July 23, 2015.

___/s/ Christina S. Tillinger___
Christina S. Tillinger
Attorney for Hisham Ahmed

7

## AFFIDAVIT OF CHRISTINA S. TILLINGER,
## COUNSEL FOR HISHAM AHMED

THE STATE OF TEXAS                *

                                                 *

COUNTY OF HARRIS              *

BEFORE ME, the undersigned authority, on this day personally appeared Christina S. Tillinger, who by me being duly sworn deposes as follows:

"My name is Christina S. Tillinger. I am over 18 years of age, of sound mind, and capable of making this affidavit. The matters stated below are within my personal knowledge and are true and correct.

I represent Hisham Ahmed, and have been his attorney since 2013. I was his counsel during his original divorce proceeding, which began with his Original Petition for Divorce filed on February 15, 2013, and ended with an Agreed Final Decree of Divorce signed by the Court on November 12, 2013. I also currently represent Hisham Ahmed in a pending Enforcement action, as well as in his response to the Petition for Writ of Mandamus pending in the 14th Court of Appeals.

Mercedes Martinez is currently represented by Sean Reagan, but was represented in the divorce action by Kiri Martin.

The time line of events of the divorce is as follows:

Hisham - Petitioner, Husband and Father
Mercedes - Respondent, Wife and Mother
Martin - Kiri Martin, Counsel for Mercedes Martinez
Tillinger - Christina Tillinger, Counsel for Hisham Ahmed

| | |
|---|---|
| 02/15/13 | Original Petition for Divorce -filed by Hisham |
| 03/13/13 | Counter Petition for Divorce - filed by Mercedes |
| 04/19/13 | Temporary Orders entered as a result of a contested hearing on April 9, 2013 before Associate Judge Meca Walker |
| 05/10/13 | Docket Control Order issued, setting trial for October 14, 2013 (Exhibit A-1) |

*1*

| | |
|---|---|
| 10/11/13 | Mediation with Judge Leta Parks - Mediated Settlement Agreement reached, signed by both parties and both counsel (Exhibit A-2) |
| 10/14/13 | Trial Setting |

10/14/13 Trial Setting
    Hisham (Petitioner) appeared with Attorney Tillinger
    Mercedes did not appear, but her Attorney Martin did
    Office of Attorney General did not appear
    Docket Sheet: Associate Judge Meca Walker accepted the terms of the Mediated Settlement Agreement and rendered judgment on that day. (Exhibit A-3.)
    *Entry set from bench for 11/4/13

10/21/13 Tillinger sent decree draft to Martin and the OAG

10/28/13 Martin asked for certain pages to be resent
    Martin requested changes to decree; all changes were made

11/04/13 Entry Date - Tillinger appeared, Martin not present at docket call
    Court instructed Tillinger to leave decree.
    *Tillinger contacted Martin, who said she would stop by to sign

11/12/13 Judge Bonnie Hellums signed the Agreed Final Decree of Divorce (Exhibit A-4)

Both parties were present at mediation on October 11, 2013, with Counsel. Both parties signed the Mediated Settlement Agreement, after several hours of mediation. Mercedes now wants to have the decree declared VOID because she is now, two years later, unhappy with a portion of the Agreed Final Decree of Divorce.

When the divorce action first began, Mercedes took many extreme positions against Hisham that were obviously intended to separate Hisham from his son, Ameen, despite the fact that Hisham had always been an integral part of the child's young life.

Mercedes filed a Motion for Genetic Testing, which she later dropped.

Mercedes alleged domestic violence, though there was no history of domestic violence, and this was not found at the temporary orders hearing before Associate Judge Meca Walker in April, 2013.

Mercedes alleged risk of international abduction, and made this a theme throughout the case. At the temporary orders hearing, she pressed this issue as a reason to allow Hisham only supervised visitation with his son. Associate Judge Meca Walker denied this request, and allowed Tillinger (counsel for Hisham) to hold the passports of Hisham and the child during the pendency of the divorce action.

By the time of mediation, October 11, 2013, Mercedes had dropped the allegations regarding parentage, domestic violence and international abduction. The parties agreed that they would be joint managing conservators, Hisham would have a Standard Possession Order with elections, and there would be no international travel restrictions.

The Mediated Settlement Agreement (Exhibit A-2) states as follows on page 1 of Exhibit A to the MSA:

*"Other Agreements:*

*The father's passport shall immediately be returned to him. The mother shall have the right to hold the child's passport. If either parent wants to travel internationally with the child they must have the agreement of the other parent. Order shall contain language from the TFLPM.*

*The mother shall have the right of first refusal if the father is traveling internationally and it is his time to have possession of the child. She shall also have the right to have the right of first refusal to the child is he is traveling domestically and the child should be in school."*

The first paragraph was reflected in the Agreed Final Decree of Divorce on page 6 under "Passports". The language in the MSA clearly provides that the normal passport language would be inserted into the Decree, which it was. The standard provisions for exchange of passport and consent to travel forms were incorporated into the Agreed Final Decree of Divorce. This provision did NOT give Mercedes the right to deny Hisham the right to travel, it only provided the means by which Hisham would obtain the child's passport and the consent to travel forms.

The second paragraph was reflected in the Agreed Final Decree of Divorce on page 14 under "Right of First Refusal". This provision is completely separate and apart from the first paragraph regarding passports. This provision has to do with what happens when Hisham needed to travel and it was his possession time with the child, and gave Mercedes the option to take the child from Hisham rather than have the child travel internationally, or travel domestically when he had school.

3

Mercedes and her attorney Martin had 14 days between the time Tillinger submitted a draft of the Decree and the date of entry to review the Decree to ensure that it complied with the Mediated Settlement Agreement. Based on the fact that the international travel issue had been so important to Mercedes during the pendency of the divorce, one would think that this is the FIRST provision that she would check on.

Martin requested changes to the Decree, but did not request changes to either the Passport section or the Right of First Refusal section.

In fact, on the day of entry, November 4, 2013, Martin indicated to Tillinger that she was ready and wiling to sign the Decree, but that she had just gotten caught up in another court. Martin stated that she would go by the 247th court and sign the decree later in the day. Obviously, that never happened.

The Agreed Final Decree of Divorce IS an Agreed Decree, as it is based on a Mediated Settlement Agreement that was agreed to and signed by the parties, and was drafted consistently with that agreement.

The Agreed Final Decree of Divorce even states:

*"This Final Decree of Divorce is stipulated to represent a merger of an informal settlement agreement between the parties. To the extent there exist any differences between the informal settlement agreement and this Final Decree of Divorce, this Final Decree of Divorce shall control in all instances."*

Thus, even if the Court were to take the position that the Agreed Final Decree of Divorce was in some way inconsistent with the Mediated Settlement Agreement, the terms of the Agreed Final Decree of Divorce control.

Signed on July ⟋⟍ , 2015.

_____
Christina S. Tillinger

4

SUBSCRIBED AND SWORN TO before me on July 23, 2015.



ERIN L PATTERSON
NOTARY PUBLIC
STATE OF TEXAS
MY COMMISSION EXPIRES NOVEMBER 1, 2016

_____
NOTARY PUBLIC, State of Texas

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

NO. <u>2013-08674</u>

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| AMEEN AHMED | § | 247TH JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | HARRIS COUNTY, TEXAS |

EXHIBIT A-1

No. 201308674

AH~~IEL~~ ~~.HAM~~                           *        247th   DISTRICT COURT

VS.                                          *
                                             *        HARRIS COUNTY, TEXAS
MARTINEZ, MERCEDES
                                             *
                                             *

## SCHEDULING ORDER and NOTICE OF INTENT TO DISMISS

### *** ALL DEADLINES ARE PRIOR TO TRIAL SETTING DATE ***

### **Rule 11 Agreements will NOT delay trial date **

It is hereby ORDERED that:

1.  PRIOR TO TRIAL, parents shall file with the court proof of completion of an approved PARENT EDUCATION PROGRAM if there is a suit affecting the parent-child relationship.

2.  PRIOR TO TRIAL, parties must either (a) have completed ALTERNATIVE DISPUTE RESOLUTION or (b) have set and have heard an objection to Alternative Dispute Resolution.

3.  PRIOR TO TRIAL, spouses shall exchange a sworn INVENTORY AND APPRAISEMENT prepared in conformity with Local Rule 4.4.    Compliance with this paragraph is not a substitute for the requirements in Local Rule 4.3.    All supplements must be filed 10 days prior to trial setting.

4.  BY TEXAS RULES OF CIVIL PROCEDURE, all parties must be added (JOINDER) and served, whether by amendment or third party practice.    THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS SCHEDULING ORDER AT THE TIME OF APPEARANCE.

5.  BY TEXAS RULES OF CIVIL PROCEDURE, all DISCOVERY must be completed.    LATE discovery may be initiated by stipulation in conformity with Rule 11, Tex. Rules of Civil Procedure. Incomplete discovery will not delay the trial date.

6.  BY TEXAS RULES OF CIVIL PROCEDURE regarding PLEADINGS, all amendments and supplements must be filed.    This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

NOTICE OF INTENT TO DISMISS ON TRIAL DATE.  THIS CASE MAY BE DISMISSED FOR WANT OF PROSECUTION ON DATE OF TRIAL if, by the trial date there is no:
    a. Service with citation; or
    b. Answer on file; or
    c. Properly executed Waiver on file;
    d. Alternative Dispute Resolution;
    e. Completion of PARENT EDUCATION PROGRAM, if applicable.

7.  PRETRIAL CONFERENCE at                                 set by court or upon motion.
    It is further Ordered that any necessary paternity testing shall be completed and results obtained by this date so proceedings required by TFC 160.105-.108 may be conducted.

8. 10/14/2013  TRIAL at  09:30 AM     THIS CASE IS SET FOR TRIAL ON THE MERITS ON THIS DATE.  If not assigned by the second Friday after this date, this case will be reset.

SIGNED 05/10/2013                            BONNIE CRANE HELLUMS
                                             Judge, 247TH DISTRICT COURT

Christina Shropshire Tillinger
17207 Feathercraft Ln                                    24003058
Webster TX 77598-4312                      4

REC'D MAY 16 2013

JCVO09

# BONNIE CRANE HELLUMS

247TH FAMILY DISTRICT COURT
201 CAROLINE, 15TH FLOOR
HOUSTON, TEXAS 77002
(713) 368-6570

MECA WALKER
Associate Judge

DEBBIE WILLIAMS
Coordinator

PHYLLIS GONZALES
Court Reporter

## 247th DISTRICT COURT PROCEDURES

### 1. SETTING CASES FOR TRIAL and PRETRIAL:

Scheduling orders are generated approximately 90-120 days after filing of the case.

There is no pretrial conference unless you specifically ask for one.

Trial dates shall not be changed except by Court's approval for good cause after a motion for continuance is heard.

Items 1-6 on the front of the Scheduling Order should be completed prior to the trial date.

### 2. PROCEDURES REGARDING ORDERS:

Entry dates for all orders will occur approximately 14 days after the court's ruling. The person preparing the decree/order shall provide copies of the proposed decree/order to opposing parties at feast five days before entry date.

Failure to appear or to submit order at entry date will result in the case being dismissed for want of prosecution.

All forms must be completed and turned in with order /decree.

### 3. UNCONTESTED DOCKET PROCEDURE:

The uncontested docket is heard from approximately 8:30 to 9:30 a.m. each day. Uncontested matters may be heard at other times throughout the day if the Judge/Associate Judge is available or if specifically scheduled in advance.

**All orders, decrees, and forms must be presented to the court clerk at time of prove - up.**

### 4. SUBMISSION DOCKET PROCEDURE:

The following matters will, be heard by submission unless an oral hearing is specifically requested:
1) Motions for substitution (not withdrawals) of counsel.
2) Unopposed motions to transfer venue.
3) Motions for summary judgment
4) Motions for voluntary dismissal or non-suit.

### 5. OTHER MATTERS:

a) Any attorney withdrawing from a case shall either:
    1) Provide the substituting attorney with a copy of the scheduling order, or
    2) Provide the client with a copy of the scheduling order.
b) The petitioner or petitioner's attorney shall provide to respondent or respondent's attorney a copy of the scheduling order WITHIN FIVE DAYS of receiving respondent's answer.
c) If a translator is required, you must provide your own.
d) If a record is required, please fill out the form provided by the court before your case is called.
e) Parenting Classing are required on all cases involving children by all parties.
**** Please see website for a full list of parenting classes for all cases as well as adoptions and other additional information**** www.justex.net/Courts/Family/FamilyCourts.aspx

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

NO. <u>2013-08674</u>

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| AMEEN AHMED | § | 247TH JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | HARRIS COUNTY, TEXAS |

EXHIBIT A-2



No. 2013-08674

In The Matter of
The Marriage of
Hisham Ahmed

**In The District Court**

AND
Merceds Martinez
In The Interest Of

247th **Judicial District**

**Harris County, Texas**

Ameen Ahmed
A Minor Child

## MEDIATED SETTLEMENT AGREEMENT

The undersigned parties herewith agree to compromise and settle the claims and controversies between them including all conservatorship, child support, and possession disputes regarding the above identified child of the marriage. The parties stipulate that the agreements set forth on the attached "**MEDIATED PARENT-CHILD ISSUES**" are in the child's best interest. The parties have also agreed to a just and right division of their marital estate.

**THE PARTIES ALSO AGREE THAT THIS MEDIATION AGREEMENT IS BINDING ON BOTH OF THEM AND IS NOT SUBJECT TO REVOCATION BY EITHER OF THEM.**



_initials_      _initials_          _Page 1 of 4_

## AGREEMENTS

1. The parties agree that the provisions included in Exhibit A for the child are incorporated into this Mediated Settlement Agreement and are binding for all purposes.

2. The parties agree that Exhibit B represents the intended division of all property and is hereby incorporated under this Mediated Settlement Agreement and is binding for all purposes.

3. The attorney for the Petitioner shall prepare the Final Decree of Divorce. Unless otherwise agreed to in advance by the parties to the contrary, all documents contemplated by the agreements in this Mediated Settlement Agreement shall be based on the forms and provisions in the most recently publicly published Texas Family Law Practice Manual from the State Bar of Texas. The entry of the Final Decree shall take place on or before October 28, 2013.

4 If one or more disputes arise with regard to the drafting of the decree or closing documents, the interpretation, omitted issues, interpretation and/or performance of this agreement or any of its provisions, the party's attorneys agree to attempt to resolve same by phone conference with the Mediator who facilitated this settlement. If their differences cannot resolve by phone conference, then the disputed issues shall be resolved by arbitration as set forth below.

5. **ANY DISPUTES ARISING FROM THE DRAFTING OF THE DECREE OR CLOSING DOCUMENTS, THE INTERPRETATION OR OMITTED ISSUES OF THIS AGREEMENT OR ANY OF ITS PROVISIONS WHICH CANNOT BE RESOLVED BY PHONE CONFERENCE AS SET FORTH ABOVE, SHALL BE DECIDED BY ARBITRATION WITH JUDGE LETA PARKS SERVING AS ARBITRATOR.** Parties and/or counsel agree to notify Judge Parks, in writing, of


Initials    initials

their request for her services at least seven days prior to a Court entry date and shall deposit an additional $250.00 per party toward the cost of said services

before any arbitration services are rendered. The parties agree to pay any additional arbitration fees directly to Judge Parks on or at the time of entry. .

6. The discovery obligations of each party shall immediately cease upon the execution of this Mediated Settlement Agreement, including the requirement for either party to respond to outstanding discovery requests or supplement any discovery responses. All disputes between the parties are hereby resolved.

7. The parties agree jurisdiction is in Harris County, Texas. They stipulate the divorce should be granted on the grounds of insupportability.

8. Either party may appear in court for the purpose of presenting evidence and securing the Court's approval of this Mediated Settlement.

9. This agreement is made and performable in Harris County, Texas, and shall be construed in accordance with the laws of the State of Texas.

10. Each signatory to this settlement has entered into same freely and without duress after having consulted with professionals of his or her choice. Each party hereto has been advised by the Mediator that the Mediator is not the attorney for any party and that each party should have this agreement approved by that party's attorney prior to executing same. This stipulation is signed voluntarily and its provisions regarding property issues are intended to be incorporated into an Agreed Decree of Divorce.

DATED October 11  2013

AGREED:

_____
PETITIONER

AGREED:

_____
RESPONDENT   Mercedes CMartinez

_____
ATTORNEY

_____
ATTORNEY   KIRI MARTIN

_____   _____
Initials             Initials

Page 4 of 4

# 2013-08674

## Exhibit A

## MEDIATED PARENT-CHILD ISSUES

**Conservatorship:** TJMC Harris County Geo Restriction

**Support.** Father to pay $1100 per month and continue to carry health insurance via temporary orders 50-50 uninsured

**Possession and Access: The temporary orders shall become final with the following adjustments:**

The father shall also have the EID after Ramadan and Haj and the mother shall have two days of her choice in exchange The parties shall alternate holidays per the SPO

Not to interfere w/ Father's holiday or summer.

**Other Agreements:**

The father's passport shall immediately be returned to him. The mother shall have the right to hold the child's passport. If either parent wants to travel internationally with the child they must have the agreement of the other parent.

Order shall contain language from the TFLPM.

The mother shall have the right of first refusal if the father is traveling internationally and it is his time to have possession of the child. She shall also have the right to have the right of first refusal to the child if he is travelling domestically and the child should be in school.

The parties shall communicate through Our Family Wizard

| Rights and Duties | Each has at all times | Each has during possession | mother | father | By Agreement * | Independent ** |
|---|---|---|---|---|---|---|
| Duty to inform the other party in a timely manner of significant information concerning the health, education, and welfare of the child. | X | | | | | |
| Right to receive information from the other party concerning the health, education, and welfare of the child | X | | | | | |
| Right to confer with the other party, to the extent possible, before making a decision concerning the health, education, and welfare of the child | X | | | | | |
| Right of access to medical, dental, psychological, and educational records of the child except confidential communications between the child and MHP | X | | | | | |
| Right to consult with a physician, dentist, or psychologist of the child | X | | | | | |
| Right to consult with school officials concerning the child's welfare and educational status, including school activities | X | | | | | |
| Right to attend school activities | X | | | | | |
| Right to be designated on the child's records as a person to be notified in case of an emergency | X | | | | | |
| Right to consent to medical, dental, and surgical treatment during an emergency involving immediate danger to the health and safety of the child | X | | | | | |
| | | | | | | |
| Duty of care, control, protection, and reasonable discipline of the children | | X | | | | |
| Duty to support the children, including providing the child with clothing, food, shelter | | X | | | | |
| Right to consent for the child to medical and dental care not involving an invasive procedure* | | X | | | | |
| Right to direct the moral and religious training of the children | | X | | | | |
| Right to make decisions regarding psychological or psychiatric treatment for the children after consultation with the other party | | | | | X | |
| Duty to make periodic child support payments | | | | X | | |
| Right to establish domicile of the children | | | X | | | |

Sam MA

| | | | | | | |
|---|---|---|---|---|---|---|
| Right to consent to medical, dental and surgical treatment involving an invasive procedure* | | | | | <u>X</u> | |
| Right to receive and give receipt for child support payments for the support of the child and hold or disburse the funds for the benefit of the child | | | X | | | |
| Right to make educational decisions for the child* | | | X | | | |
| The right to consent to marriage of the child | | | | | X | |
| The right to consent to enlistment in the armed forces | | | | | X | |
| Except when a guardian or attorney ad litem has been appointed for the child, the right to act as agent of the child in relation to the child's estate if the action is required by a state the U.S. or a foreign government | | | | | X | |
| Duty to manage the child's estate to the extent the estate has been created by community property or the joint property of the parties | | | | | X | |

2013-08674

MSA Property Division

Each party is awarded the property in their possession all debts in their name and attorney's fees incurred by them. Additionally the Petitioner is awarded the following:

2010 BMW

The business known as Sahara Cargo

The following is awarded to the Respondent:

2004 Tahoe Silverado Truck is confirmed as her separate property

Upon 24 hours notice to the Petitioner she may pick up the following items:

The scrapbook she made

Umbiblical cord set with the baby's first hair

Silver laptop with pictures

All other pictures or copies on other computers

Baby clothes in plastic tubs and newborn three piece outfit from her mother

First Halloween ostume

Your FREEfax Filing has been successfully uploaded. The following Unique Trace Number has been assigned to your fax filing.
FAX15597769. You will receive an email confirmation when your fax filing has been received. The status of a filing may be tracked on the My FREEfax Filings page.

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

## NO. <u>2013-08674</u>

| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| AMEEN AHMED | § | 247TH JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | HARRIS COUNTY, TEXAS |

## EXHIBIT A-3

# 2013-08674

**COURT:** 247th

**FILED DATE:** 2/13/2013

**CASE TYPE:** DIVORCE W/CHILDREN



## AHMED, HISHAM

Attorney: TILLINGER, CHRISTINA S.

### vs.

## MARTINEZ, MERCEDES

Attorney: MARTIN, KIRI

Unofficial Copy Office of Chris Daniel District Clerk

### Docket Sheet Entries

| Date | Comment |
|---|---|
| 2/22/2013 | TRORX - ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER |
| 2/22/2013 | CASO - ORDER SIGNED SETTING HEARING |
| 3/13/2013 | XTROX - ORDER EXTENDING TEMPORARY RESTRAINING ORDER SIGNED |
| 4/2/2013 | r/set to AJ on April 9 @ 1:30pm. will consider m/o periods of visitation based on the testimony and evidence. |
| 4/9/2013 | temporary orders as announced on the record (SS). entry 4/19/13 |
| 4/19/2013 | TEOK - TEMPORARY ORDER SIGNED WITH CHILDREN |
| 4/19/2013 | AOWOX - ORDER SIGNED GRANTING ASSIGNMENT OF WAGES |
| 10/14/2013 | divorce granted per MSA as announced on the record and J rendere on this day (although OAG was sent schedule order no show so proceeded via default). entry 11/4 |
| 11/12/2013 | 6 - AGREED JUDGMENT, ORDER SIGNED |
| 11/12/2013 | AOWOX - ORDER SIGNED GRANTING ASSIGNMENT OF WAGES |
| 6/16/2015 | CASO - ORDER SIGNED SETTING HEARING |
| 6/24/2015 | R ordered to sign consent to travel by 5 pm on Friday, 6-26-15. Movant withdraws any request that R be held in contempt. Movant awarded atty fees in the amount of $750. Order signed. |
| 6/26/2015 | 13D - AGREED ORDER OF CONTEMPT SIGNED |
| 6/26/2015 | 13D - AGREED ORDER OF CONTEMPT SIGNED |
| 6/30/2015 | CASO - ORDER SIGNED SETTING HEARING |
| 7/7/2015 | Parties and counsel in ct. Ms. Martinez sworn and ordered to appear July 13, 2015 at 9:30a.m. t.stansbury, judge |
| 7/17/2015 | CASO - ORDER SIGNED SETTING HEARING |

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

NO. <u>2013-08674</u>

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| AMEEN AHMED | § | 247TH JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | HARRIS COUNTY, TEXAS |

EXHIBIT A-4

1

F I L E D
Chris Daniel
District Clerk

NOV - 4 2013

Time: _____
By _____ Harris County, Texas
Deputy

NO. 2013-08674

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| HISHAM AHMED | § | |
| AND | § | 247TH JUDICIAL DISTRICT |
| MERCEDES MARTINEZ | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| AMEEN AHMED, A CHILD | § | HARRIS COUNTY, TEXAS |

## AGREED FINAL DECREE OF DIVORCE

On October 12, 2013, the Court considered this case.

*Appearances*

Petitioner, Hisham Ahmed, appeared in person and through attorney of record, Christina S. Tillinger, and announced agreement.

Respondent, Mercedes Martinez, has made a general appearance and has agreed to the terms of this judgment to the extent permitted by law, as evidenced by Respondent's signature below.

Also appearing was the Office of the Attorney General, who has agreed to the terms of this order as evidenced by their signature below.

*Record*

A record was made by Lisa Fort, court reporter for the 247th Judicial District Court of Harris County, Texas.

*Jurisdiction and Domicile*

The Court finds that the pleadings of Respondent are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed.

The Court further finds that, at the time this suit was filed, Respondent had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

*Jury*

A jury was waived, and questions of fact and of law were submitted to the Court.

1

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging



EXHIBIT
C

*Agreement of Parties*

The Court finds that the parties have entered into a written agreement as contained in this decree by virtue of having approved this decree as to both form and substance. To the extent permitted by law, the parties stipulate the agreement is enforceable as a contract. The Court approves the agreement of the parties as contained in this Final Decree of Divorce.

The agreements in this Final Decree of Divorce were reached pursuant to the informal settlement process. This Final Decree of Divorce is stipulated to represent a merger of a informal settlement agreement between the parties. To the extent there exist any differences between the informal settlement agreement and this Final Decree of Divorce, this Final Decree of Divorce shall control in all instances.

*Divorce*

IT IS ORDERED AND DECREED that Hisham Ahmed, Petitioner, and Mercedes Martinez, Respondent, are divorced and that the marriage between them is dissolved on the ground of insupportability.

*Child of the Marriage*

The Court finds that Petitioner and Respondent are the parents of the following child:

Name: Ameen Ahmed
Sex: Male
Birth date: July 15, 2008
Home state: Texas
Social Security number: xxx-xx-4079

The Court finds no other children of the marriage are expected.

*Parenting Plan*

The Court finds that the provisions in this decree relating to the rights and duties of the parties with relation to the child, possession of and access to the child, child support, and optimizing the development of a close and continuing relationship between each party and the child constitute the parties' agreed parenting plan.

*Conservatorship*

The Court, having considered the circumstances of the parents and of the child, finds that the following orders are in the best interest of the child.

IT IS ORDERED that Hisham Ahmed and Mercedes Martinez are appointed Joint Managing Conservators of the following child: Ameen Ahmed.

Unofficial Copy Office of Chris Daniel District Clerk

IT IS ORDERED that, at all times, Mercedes Martinez, as a parent joint managing conservator, shall have the following rights:

1.      the right to receive information from any other conservator of the child concerning the health, education, and welfare of the child;

2.      the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the child;

3.      the right of access to medical, dental, psychological, and educational records of the child;

4.      the right to consult with a physician, dentist, or psychologist of the child;

5.      the right to consult with school officials concerning the child's welfare and educational status, including school activities;

6.      the right to attend school activities;

7.      the right to be designated on the child's records as a person to be notified in case of an emergency;

8.      the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child; and

9.      the right to manage the estate of the child to the extent the estate has been created by the parent or the parent's family.

IT IS ORDERED that, at all times, Hisham Ahmed, as a parent joint managing conservator, shall have the following rights:

1.      the right to receive information from any other conservator of the child concerning the health, education, and welfare of the child;

2.      the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the child;

3.      the right of access to medical, dental, psychological, and educational records of the child;

4.      the right to consult with a physician, dentist, or psychologist of the child;

5.      the right to consult with school officials concerning the child's welfare and educational status, including school activities;

6.      the right to attend school activities;

7.      the right to be designated on the child's records as a person to be notified in case of an emergency:

3

8. the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child: and

9. the right to manage the estate of the child to the extent the estate has been created by the parent or the parent's family.

IT IS ORDERED that, at all times, Hisham Ahmed and Mercedes Martinez, as parent joint managing conservators, shall each have the following duties:

1. the duty to inform the other conservator of the child in a timely manner of significant information concerning the health, education, and welfare of the child: and

2. the duty to inform the other conservator of the child if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the conservator of the child begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.

IT IS ORDERED that, during her periods of possession, Mercedes Martinez, as parent joint managing conservator, shall have the following rights and duties:

1. the duty of care, control, protection, and reasonable discipline of the child;

2. the duty to support the child, including providing the child with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3. the right to consent for the child to medical and dental care not involving an invasive procedure; and

4. the right to direct the moral and religious training of the child.

IT IS ORDERED that, during his periods of possession, Hisham Ahmed, as parent joint managing conservator, shall have the following rights and duties:

1. the duty of care, control, protection, and reasonable discipline of the child;

2. the duty to support the child, including providing the child with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3. the right to consent for the child to medical and dental care not involving an invasive procedure; and

4. the right to direct the moral and religious training of the child.

4

Unofficial Copy Official Records Chris Daniel District Clerk

IT IS ORDERED that Mercedes Martinez, as a parent joint managing conservator, shall have the following rights and duty:

1.  the exclusive right to designate the primary residence of the child within Harris County, Texas;

2.  the right, subject to the agreement of the other parent, to consent to medical, dental, and surgical treatment involving invasive procedures;

3.  the t right, subject to the agreement of the other parent, to consent to psychiatric and psychological treatment of the child;

4.  the independent right to receive and give receipt for periodic payments for the support of the child and to hold or disburse these funds for the benefit of the child;

5.  the right, subject to the agreement of the other parent, to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;

6.  the right, subject to the agreement of the other parent, to consent to marriage and to enlistment in the armed forces of the United States;

7.  the exclusive right to make decisions concerning the child's education;

8.  except as provided by section 264.0111 of the Texas Family Code, the right, subject to the agreement of the other parent, to the services and earnings of the child;

9.  except when a guardian of the child's estate or a guardian or attorney ad litem has been appointed for the child, the right, subject to the agreement of the other parent, to act as an agent of the child in relation to the child's estate if the child's action is required by a state, the United States, or a foreign government; and

10. the independent duty to manage the estate of the child to the extent the estate has been created by community property or the joint property of the parent.

IT IS ORDERED that Hisham Ahmed, as a parent joint managing conservator, shall have the following rights and duty:

1.  the right, subject to the agreement of the other parent, to consent to medical, dental, and surgical treatment involving invasive procedures;

2.  the right, subject to the agreement of the other parent, to consent to psychiatric and psychological treatment of the child;

3.  the right, subject to the agreement of the other parent, to represent the child in legal action and to make other decisions of substantial legal significance concerning the child:

4.  the right, subject to the agreement of the other parent, to consent to marriage and to enlistment in the armed forces of the United States:

5

5.      except as provided by section 264.0111 of the Texas Family Code, the right. subject to the agreement of the other parent, to the services and earnings of the child;

6.      except when a guardian of the child's estate or a guardian or attorney ad litem has been appointed for the child. the right, subject to the agreement of the other parent, to act as an agent of the child in relation to the child's estate if the child's action is required by a state. the United States, or a foreign government; and

7.      the independent duty to manage the estate of the child to the extent the estate has been created by community property or the joint property of the parents.

*Domicile Restriction*

The Court finds that, in accordance with section 153.001 of the Texas Family Code, it is the public policy of Texas to assure that children will have frequent and continuing contact with parents who have shown the ability to act in the best interest of the child, to provide a safe, stable, and nonviolent environment for the child, and to encourage parents to share in the rights and duties of raising their child after the parents have separated or dissolved their marriage. IT IS ORDERED that the primary residence of the child shall be Harris County, Texas and the parties shall not remove the child from Harris County, Texas for the purpose of changing the primary residence of the child until modified by further order of the court of continuing jurisdiction or by written agreement signed by the parties and filed with the court.

IT IS FURTHER ORDERED that Mercedes Martinez shall have the exclusive right to designate the child's primary residence within Harris County, Texas.

IT IS FURTHER ORDERED that this geographic restriction on the residence of the child shall be lifted if, at the time Mercedes Martinez wishes to remove the child from Harris County, Texas for the purpose of changing the primary residence of the child, Hisham Ahmed does not reside in Harris County, Texas.

*Passports*

IT IS ORDERED that Hisham Ahmed's passport shall be immediately returned to him.

IT IS ORDERED that Mercedes Martinez shall have the right to maintain possession of any passports of the child, Ameen Ahmed, subject to the requirements for delivery of the passport and all other requirements set forth below.

Mercedes Martinez is ORDERED to deliver or cause to be delivered to Hisham Ahmed the original, valid passport of Ameen Ahmed, within ten days of their receipt of Hisham Ahmed's notice of intent to have the child travel outside the United States during a period of possession of the other parent.

IT IS ORDERED that if a conservator intends to have the child travel outside the United States during the conservator's period of possession of the child, the conservator shall provide written notice to the other conservator. IT IS ORDERED that this written notice shall include all the following:

1.      any written consent form for travel outside the United States that is required by the country of destination. countries through which travel will occur, or the intended carriers;
2.      the date, time. and location of the child's departure from the United States;

6

3.      a reasonable description of means of transportation, including, if applicable, all names of carriers, flight numbers, and scheduled departure and arrival times;

4.      a reasonable description of each destination of the intended travel, including the name, address, and phone number of each interim destination and the final travel location;

5.      the dates the child is scheduled to arrive and depart at each such destination;

6.      the date, time, and location of the child's return to the United States;

7.      a complete statement of each portion of the intended travel during which the conservator providing the written notice will not accompany the child; and

8.      the name, permanent and mailing addresses, and work and home telephone numbers of each person accompanying the child on the intended travel other than the conservator providing the written notice.

If the intended travel is a group trip, such as with a school or other organization, the conservator providing the written notice is ORDERED to provide with the written notice all information about the group trip and its sponsor instead of stating the name, permanent and mailing addresses, and work and home telephone numbers of each person accompanying the child.

IT IS FURTHER ORDERED that this written notice shall be furnished to the other conservator no less than twenty-one days before the intended day of departure of the child from the United States.

Hisham Ahmed and Mercedes Martinez are each ORDERED to properly execute the written consent form to travel abroad and any other form required for the travel by the United States Department of State, passport authorities, foreign nations, travel organizers, school officials, or public carriers; when applicable, to have the forms duly notarized; and, within ten days of that conservator's receipt of each consent form, to deliver the form to the conservator providing the written notice.

IT IS ORDERED that any conservator who violates the terms and conditions of these provisions regarding the child's passport shall be liable for all costs incurred due to that person's noncompliance with these provisions. These costs shall include but not be limited to, the expense of nonrefundable or noncreditable tickets, the costs of nonrefundable deposits for travel or lodging, attorney's fees, and all other costs incurred seeking enforcement of any of these provisions.

*Possession and Access*

1.      *Standard Possession Order*

IT IS ORDERED that each conservator shall comply with all terms and conditions of this Standard Possession Order. IT IS ORDERED that this Standard Possession Order is effective immediately and applies to all periods of possession occurring on and after the date the Court signs this Standard Possession Order. IT IS, THEREFORE, ORDERED:

(a)      Definitions

1.      In this Standard Possession Order "school" means the primary or secondary school in which the child is enrolled or, if the child is not enrolled in a primary or secondary school, the public school district in which the child primarily resides.

7

2.    In this Standard Possession Order "child" includes each child, whether one or more, who is a subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

(b)    Mutual Agreement or Specified Terms for Possession

IT IS ORDERED that the conservators shall have possession of the child at times mutually agreed to in advance by the parties, and, in the absence of mutual agreement, it is ORDERED that the conservators shall have possession of the child under the specified terms set out in this Standard Possession Order.

(c)    Parents Who Reside 100 Miles or Less Apart

Except as otherwise expressly provided in this Standard Possession Order, when Hisham Ahmed resides 100 miles or less from the primary residence of the child, Hisham Ahmed shall have the right to possession of the child as follows:

1.    Weekends –

On weekends that occur during the regular school term, beginning at the time the child's school is regularly dismissed, on the first, third, and fifth Friday of each month and ending at the time the child's school resumes after the weekend.

On weekends that do not occur during the regular school term, beginning at 6:00 p.m., on the first, third, and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday.

2.    Weekend Possession Extended by a Holiday –

Except as otherwise expressly provided in this Standard Possession Order, if a weekend period of possession by Hisham Ahmed begins on a student holiday or a teacher in-service day that falls on a Friday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday that falls on a Friday during the summer months when school is not in session, that weekend period of possession shall begin at the time the child's school is regularly dismissed on the Thursday immediately preceding the student holiday or teacher in-service day and 6:00 p.m. on the Thursday immediately preceding the federal, state, or local holiday during the summer months.

Except as otherwise expressly provided in this Standard Possession Order, if a weekend period of possession by Hisham Ahmed ends on or is immediately followed by a student holiday or a teacher in-service day that falls on a Monday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday that falls on a Monday during the summer months when school is not in session, that weekend period of possession shall end at 6:00 p.m. on that Monday.

3.    Thursdays - On Thursday of each week during the regular school term, beginning at the time the child's school is regularly dismissed and ending at the time the child's school resumes on Friday.

8

4.     Spring Vacation in Even-Numbered Years - In even-numbered years, beginning at the time the child's school is dismissed for the school's spring vacation and ending at 6:00 p.m. on the day before school resumes after that vacation.

5.     Extended Summer Possession by Hisham Ahmed —

With Written Notice by April 1 - If Hisham Ahmed gives Mercedes Martinez written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, Hisham Ahmed shall have possession of the child for thirty days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, with each period of possession beginning and ending at 6:00 p.m on each applicable day, as specified in the written notice. These periods of possession shall begin and end at 6:00 p.m. on each applicable day.

Without Written Notice by April 1 - If Hisham Ahmed does not give Mercedes Martinez written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, Hisham Ahmed shall have possession of the child for thirty consecutive days in that year beginning at 6:00 p.m. on July 1 and ending at 6:00 p.m. on July 31.

Notwithstanding the Thursday periods of possession during the regular school term and the weekend periods of possession ORDERED for Hisham Ahmed, it is expressly ORDERED that Mercedes Martinez shall have a superior right of possession of the child as follows:

1.     Spring Vacation in Odd-Numbered Years – In odd-numbered years, beginning at the time the child's school is dismissed for the school's spring vacation and ending at 6:00 p.m. on the day before school resumes after that vacation.

2.     Extended Summer Possession by Mercedes Martinez —

Summer Weekend Possession by Mercedes Martinez - If Mercedes Martinez gives Hisham Ahmed written notice by April 15 of a year, Mercedes Martinez shall have possession of the child on any one weekend beginning at 6:00 p.m. on Friday and ending at 6:00 p.m. on the following Sunday during any one period of the extended summer possession by Hisham Ahmed in that year, provided that Mercedes Martinez picks up the child from Hisham Ahmed and returns the child to that same place and that the weekend so designated does not interfere with Father's Day possession.

Extended Summer Possession by Mercedes Martinez - If Mercedes Martinez gives Hisham Ahmed written notice by April 15 of a year or gives Hisham Ahmed fourteen days' written notice on or after April 16 of a year, Mercedes Martinez may designate one weekend beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation, during which an otherwise scheduled

9

weekend period of possession by Hisham Ahmed shall not take place in that year, provided that the weekend so designated does not interfere with Hisham Ahmed's period or periods of extended summer possession or with Father's Day possession.

(d)     Parents Who Reside More Than 100 Miles Apart

Except as otherwise expressly provided in this Standard Possession Order, when Hisham Ahmed resides more than 100 miles from the residence of the child, Hisham Ahmed shall have the right to possession of the child as follows:

1.     Weekends - Unless Hisham Ahmed elects the alternative period of weekend possession described in the next paragraph, Hisham Ahmed shall have the right to possession of the child on weekends that occur during the regular school term, beginning at the time the child's school is regularly dismissed on the first, third, and fifth Friday of each month and ending at the time the child's school resumes after the weekend, and on weekends that do not occur during the regular school term, beginning at 6:00 p.m. on the first, third and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday.

Alternate Weekend Possession - In lieu of the weekend possession described in the foregoing paragraph, Hisham Ahmed shall have the right to possession of the child not more than one weekend per month of Hisham Ahmed's choice beginning at 6:00 p.m. on the day school recesses for the weekend and ending at 6:00 p.m. on the day before school resumes after the weekend. Hisham Ahmed may elect an option for this alternative period of weekend possession by giving written notice to Mercedes Martinez within ninety days after the parties begin to reside more than 100 miles apart. If Hisham Ahmed makes this election, Hisham Ahmed shall give Mercedes Martinez fourteen days' written or telephonic notice preceding a designated weekend. The weekends chosen shall not conflict with the provisions regarding Christmas. Thanksgiving, the child's birthday, and Mother's Day possession below.

2.     Weekend Possession Extended by a Holiday --

Except as otherwise expressly provided in this Standard Possession Order, if a weekend period of possession by Hisham Ahmed begins on a student holiday or a teacher in-service day that falls on a Friday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday during the summer months when school is not in session, that weekend period of possession shall begin at the time the child's school is regularly dismissed on the Thursday immediately preceding the student holiday or teacher in-service day and 6:00 p.m. on the Thursday immediately preceding the federal, state, or local holiday during the summer months

Except as otherwise expressly provided in this Standard Possession Order, if a weekend period of possession by Hisham Ahmed ends on or is immediately followed by a student holiday or a teacher in-service day that falls on a Monday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday that falls on a Monday during the summer months when school is not in session, that weekend period of possession shall end at 6:00 p.m. on that Monday.

10

3. Spring Vacation in All Years - Every year, beginning at 6:00 p.m. on the day the child is dismissed from school for the school's spring vacation and ending at 6:00 p.m. on the day before school resumes after that vacation.

4. Extended Summer Possession by Hisham Ahmed --

With Written Notice by April 1 - If Hisham Ahmed gives Mercedes Martinez written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, Hisham Ahmed shall have possession of the child for forty-two days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, with each period of possession beginning and ending at 6:00 p.m. on each applicable day, as specified in the written notice. These periods of possession shall begin and end at 6:00 p.m. on each applicable day.

Without Written Notice by April 1 - If Hisham Ahmed does not give Mercedes Martinez written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, Hisham Ahmed shall have possession of the child for forty-two consecutive days beginning at 6:00 p.m. on June 15 and ending at 6:00 p.m. on July 27 of that year.

Notwithstanding the weekend periods of possession ORDERED for Hisham Ahmed, it is expressly ORDERED that Mercedes Martinez shall have a superior right of possession of the child as follows:

1. Summer Weekend Possession by Mercedes Martinez - If Mercedes Martinez gives Hisham Ahmed written notice by April 15 of a year, Mercedes Martinez shall have possession of the child on any one weekend beginning at 6:00 p.m. on Friday and ending at 6:00 p.m. on the following Sunday during any one period of possession by Hisham Ahmed during Hisham Ahmed's extended summer possession in that year, provided that if a period of possession by Hisham Ahmed in that year exceeds thirty days, Mercedes Martinez may have possession of the child under the terms of this provision on any two nonconsecutive weekends during that period and provided that Mercedes Martinez picks up the child from Hisham Ahmed and returns the child to that same place and that the weekend so designated does not interfere with Father's Day possession.

2. Extended Summer Possession by Mercedes Martinez - If Mercedes Martinez gives Hisham Ahmed written notice by April 15 of a year, Mercedes Martinez may designate twenty-one days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, during which Hisham Ahmed shall not have possession of the child, provided that the period or periods so designated do not interfere with Hisham Ahmed's period or periods of extended summer possession or with Father's Day possession. These periods of possession shall begin and end at 6:00 p.m. on each applicable day.

11

(e)     Holidays Unaffected by Distance

        Notwithstanding the weekend and Thursday periods of possession of Hisham Ahmed, Mercedes Martinez and Hisham Ahmed shall have the right to possession of the child as follows:

        1.     Christmas Holidays in Even-Numbered Years - In even-numbered years, Hisham Ahmed shall have the right to possession of the child beginning at the time the child's school is dismissed for the Christmas school vacation and ending at noon on December 28, and Mercedes Martinez shall have the right to possession of the child beginning at noon on December 28 and ending at 6:00 p.m. on the day before school resumes after that Christmas school vacation.

        2.     Christmas Holidays in Odd-Numbered Years - In odd-numbered years, Mercedes Martinez shall have the right to possession of the child beginning at the time the child's school is dismissed for the Christmas school vacation and ending at noon on December 28, and Hisham Ahmed shall have the right to possession of the child beginning at noon on December 28 and ending at 6:00 p.m. on the day before school resumes after that Christmas school vacation.

        3.     Eid al - Fitar in All Years - In all years, Hisham Ahmed shall have the right to possession of the child beginning the day before at 6:00 p.m. and ending at 6:00 p.m. on the day following Eid al-Fitar. Mercedes Martinez shall be entitled to make up these missed days by selecting a weekend that would otherwise be that of Hisham Ahmed. The make-up weekend shall not interfere with any holiday possession period of Hisham Ahmed.

        4.     Ramadan in All Years - In all years, Hisham Ahmed shall have the right to possession of the child beginning the day before at 6:00 p.m. and ending at 6:00 p.m. on the day following Ramadan. Mercedes Martinez shall be entitled to make up these missed days by selecting a weekend that would otherwise be that of Hisham Ahmed. The make-up weekend shall not interfere with any holiday possession period of Hisham Ahmed.

        5.     Thanksgiving in Odd-Numbered Years - In odd-numbered years, Hisham Ahmed shall have the right to possession of the child beginning at the time the child's school is dismissed for the Thanksgiving holiday and ending at 6:00 p.m. on the Sunday following Thanksgiving.

        6.     Thanksgiving in Even-Numbered Years - In even-numbered years, Mercedes Martinez shall have the right to possession of the child beginning at the time the child's school is dismissed for the Thanksgiving holiday and ending at 6:00 p.m. on the Sunday following Thanksgiving.

        7.     Child's Birthday - If a parent is not otherwise entitled under this Standard Possession Order to present possession of the child on the child's birthday, that parent shall have possession of the child beginning at 6:00 p.m. and ending at 8:00 p.m. on that day, provided that that parent picks up the child from the other parent's residence and returns the child to that same place.

12

8.     Father's Day - Hisham Ahmed shall have the right to possession of the child each year, beginning at 6:00 p.m. on the Friday preceding Father's Day and ending at 8:00 a.m. on the Monday after Father's Day, provided that if Hisham Ahmed is not otherwise entitled under this Standard Possession Order to present possession of the child, he shall pick up the child from Mercedes Martinez's residence and return the child to that same place.

9.     Mother's Day - Mercedes Martinez shall have the right to possession of the child each year, beginning at the time the child's school is regularly dismissed on the Friday preceding Mother's Day and ending at the time the child's school resumes after Mother's Day, provided that if Mercedes Martinez is not otherwise entitled under this Standard Possession Order to present possession of the child, she shall pick up the child from Hisham Ahmed's residence and return the child to that same place.

(f)     Undesignated Periods of Possession

Mercedes Martinez shall have the right of possession of the child at all other times not specifically designated in this Standard Possession Order for Hisham Ahmed.

(g)     General Terms and Conditions

Except as otherwise expressly provided in this Standard Possession Order, the terms and conditions of possession of the child that apply regardless of the distance between the residence of a parent and the child are as follows:

1.     Surrender of Child by Mercedes Martinez - Mercedes Martinez is ORDERED to surrender the child to Hisham Ahmed at the beginning of each period of Hisham Ahmed's possession at the residence of Mercedes Martinez.

If a period of possession by Hisham Ahmed begins at the time the child's school is regularly dismissed, Mercedes Martinez is ORDERED to surrender the child to Hisham Ahmed at the beginning of each such period of possession at the school in which the child is enrolled. If the child is not in school, Hisham Ahmed shall pick up the child at the residence of Mercedes Martinez at 6:00 p.m., and Mercedes Martinez is ORDERED to surrender the child to Hisham Ahmed at the residence of Mercedes Martinez at 6:00 p.m. under these circumstances.

2.     Return of Child by Hisham Ahmed - Hisham Ahmed is ORDERED to return the child to the residence of Mercedes Martinez at the end of each period of possession. However, it is ORDERED that, if Mercedes Martinez and Hisham Ahmed live in the same county at the time of rendition of this order, Hisham Ahmed's county of residence remains the same after rendition of this order, and Mercedes Martinez's county of residence changes, effective on the date of the change of residence by Mercedes Martinez, Hisham Ahmed shall surrender the child to Mercedes Martinez at the residence of Hisham Ahmed at the end of each period of possession.

13

If a period of possession by Hisham Ahmed ends at the time the child's school resumes, Hisham Ahmed is ORDERED to surrender the child to Mercedes Martinez at the end of each such period of possession at the school in which the child is enrolled or, if the child is not in school, at the residence of Mercedes Martinez at 6:00 p.m.

3.  Surrender of Child by Hisham Ahmed - Hisham Ahmed is ORDERED to surrender the child to Mercedes Martinez, if the child is in Hisham Ahmed's possession or subject to Hisham Ahmed's control, at the beginning of each period of Mercedes Martinez's exclusive periods of possession, at the place designated in this Standard Possession Order.

4.  Return of Child by Mercedes Martinez - Mercedes Martinez is ORDERED to return the child to Hisham Ahmed, if Hisham Ahmed is entitled to possession of the child, at the end of each of Mercedes Martinez's exclusive periods of possession, at the place designated in this Standard Possession Order.

5.  Personal Effects - Each conservator is ORDERED to return with the child the personal effects that the child brought at the beginning of the period of possession.

6.  Designation of Competent Adult - Each conservator may designate any competent adult to pick up and return the child, as applicable. IT IS ORDERED that a conservator or a designated competent adult be present when the child is picked up or returned.

7.  Inability to Exercise Possession - Each conservator is ORDERED to give notice to the person in possession of the child on each occasion that the conservator will be unable to exercise that conservator's right of possession for any specified period.

8.  Written Notice - Written notice shall be deemed to have been timely made if received or postmarked before or at the time that notice is due.

9.  Notice to School and Mercedes Martinez - If Hisham Ahmed's time of possession of the child ends at the time school resumes and for any reason the child is not or will not be returned to school, Hisham Ahmed shall immediately notify the school and Mercedes Martinez that the child will not be or has not been returned to school.

10.  Right of First Refusal - It is ORDERED that if Hisham Ahmed is traveling internationally and is scheduled to be in possession of the child, or if Hisham Ahmed is traveling domestically and is scheduled to be in the possession of the child and the child would have to miss school, then Mercedes Martinez shall have the right of first refusal to care for the child. Hisham Ahmed is ORDERED to notify Mercedes Martinez of his travel schedule upon his receipt of the travel schedule. If Mercedes Martinez parent elects to care for the child during the time Hisham Ahmed is traveling, then Mercedes Martinez shall pick up the child from the residence of Hisham Ahmed at the beginning of the trip, and shall return the child to the residence of Hisham Ahmed immediately upon his return.

This concludes the Standard Possession Order.

14

2.  *Duration*

The periods of possession ordered above apply to the child the subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

3.  *Noninterference with Possession*

Except as expressly provided herein, IT IS ORDERED that neither conservator shall take possession of the child during the other conservator's period of possession unless there is a prior written agreement signed by both conservators or in case of an emergency.

4.  *Termination of Orders*

The provisions of this decree relating to conservatorship, possession, or access terminate on the remarriage of Hisham Ahmed to Mercedes Martinez unless a nonparent or agency has been appointed conservator of the child under chapter 153 of the Texas Family Code.

*Child Support*

IT IS ORDERED that Hisham Ahmed is obligated to pay and shall pay to Mercedes Martinez child support of one thousand one hundred dollars ($1,100.00) per month, in two installments per month of five hundred fifty dollars ($550.00) each, with the first installment of five hundred fifty dollars ($550.00) being due and payable on December, the second installment of five hundred fifty dollars ($550.00) being due and payable on December 15, 2013, and a like installment of five hundred fifty dollars ($550.00) being due and payable on the first and fifteenth day of each month thereafter until the first month following the date of the earliest occurrence of one of the events specified below:

1.  the child reaches the age of eighteen years or graduates from high school, whichever occurs later, subject to the provisions for support beyond the age of eighteen years set out below:
2.  the child marries;
3.  the child dies;
4.  the child enlists in the armed forces of the United States and begins active service as defined by section 101 of title 10 of the United States Code; or
5.  the child's disabilities are otherwise removed for general purposes; or

If the child is eighteen years of age and has not graduated from high school, IT IS ORDERED that Hisham Ahmed's obligation to pay child support to Mercedes Martinez shall not terminate but shall continue for as long as the child is enrolled-

1.  under chapter 25 of the Texas Education Code in an accredited secondary school in a program leading toward a high school diploma or under section 130.008 of the Education Code in courses for joint high school and junior college credit and is complying with the minimum attendance requirements of subchapter C of chapter 25 of the Education Code or

2.  on a full-time basis in a private secondary school in a program leading toward a high school diploma and is complying with the minimum attendance requirements imposed by that school.

15

### Withholding from Earnings

IT IS ORDERED that any employer of Hisham Ahmed shall be ordered to withhold from earnings for child support from the disposable earnings of Hisham Ahmed for the support of Ameen Ahmed.

IT IS FURTHER ORDERED that all amounts withheld from the disposable earnings of Hisham Ahmed by the employer and paid in accordance with the order to that employer shall constitute a credit against the child support obligation. Payment of the full amount of child support ordered paid by this decree through the means of withholding from earnings shall discharge the child support obligation. If the amount withheld from earnings and credited against the child support obligation is less than 100 percent of the amount ordered to be paid by this decree, the balance due remains an obligation of Hisham Ahmed, and it is hereby ORDERED that Hisham Ahmed pay the balance due directly to the state disbursement unit specified below.

On this date the Court signed an Income Withholding for Support.

### Payment

IT IS ORDERED that all payments shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791, and thereafter promptly remitted to Mercedes Martinez for the support of the child. IT IS ORDERED that each party shall pay, when due, all fees charged to that party by the state disbursement unit and any other agency statutorily authorized to charge a fee.

### Change of Employment

IT IS FURTHER ORDERED that Hisham Ahmed shall notify this Court and Mercedes Martinez by U.S. certified mail, return receipt requested, of any change of address and of any termination of employment. This notice shall be given no later than seven days after the change of address or the termination of employment. This notice or a subsequent notice shall also provide the current address of Hisham Ahmed and the name and address of his current employer, whenever that information becomes available.

### Clerk's Duties

IT IS ORDERED that, on the request of a prosecuting attorney, the title IV-D agency, the friend of the Court, a domestic relations office, Mercedes Martinez, Hisham Ahmed, or an attorney representing Mercedes Martinez or Hisham Ahmed, the clerk of this Court shall cause a certified copy of the Income Withholding for Support to be delivered to any employer.

*Health Care*

1.      IT IS ORDERED that Hisham Ahmed and Mercedes Martinez shall each provide medical support for the child as set out in this order as additional child support for as long as the Court may order Hisham Ahmed and Mercedes Martinez to provide support for the child under sections 154.001 and 154.002 of the Texas Family Code. Beginning on the day Hisham Ahmed and Mercedes Martinez's actual or potential obligation to support the child under sections 154.001 and 154.002 of the Family Code terminates, IT IS ORDERED that Hisham Ahmed and Mercedes Martinez are discharged from the

16

Unofficial Copy Office of Chris Daniel District

obligations set forth in this medical support order, except for any failure by a parent to fully comply with those obligations before that date.

2.　　Definitions -

"Health Insurance" means insurance coverage that provides basic health-care services, including usual physician services, office visits, hospitalization, and laboratory, X-ray, and emergency services, that may be provided through a health maintenance organization or other private or public organization, other than medical assistance under chapter 32 of the Texas Human Resources Code.

"Reasonable cost" means the cost of health insurance coverage for a child that does not exceed 9 percent of Hisham Ahmed 's annual resources, as described by section 154.062(b) of the Texas Family Code.

"Reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of a child" include, without limitation, any copayments for office visits or prescription drugs, the yearly deductible, if any, and medical, surgical, prescription drug, mental health-care services, dental, eye care, ophthalmological, and orthodontic charges. These reasonable and necessary health-care expenses do not include expenses for travel to and from the health-care provider or for nonprescription medication.

"Furnish" means:

a.　　to hand deliver the document to a person eighteen years of age or older either to the recipient or to a person who is eighteen years of age or older and permanently resides with the recipient;

b.　　to deliver the document to the recipient by certified mail, return receipt requested, to the recipient's last known mailing or residence address; or

c.　　to deliver the document to the recipient at the recipient's last known mailing or residence address using any person or entity whose principal business is that of a courier or deliverer of papers or documents either within or outside the United States.

3.　　Findings on Health Insurance Availability- Having considered the cost, accessibility, and quality of health insurance coverage available to the parties, the Court finds:

Health insurance is available to Hisham Ahmed at a reasonable cost from another source, including the program under section 154.1826 of the Texas Family Code to provide health insurance in title IV-D cases.

IT IS FURTHER FOUND that the following orders regarding health-care coverage are in the best interest of the child.

4.　　Provision of Health-Care Coverage -

As additional child support, Hisham Ahmed is ORDERED to continue to maintain health insurance for the child who is the subject of this suit that covers basic health-care services, including usual physician services, office visits, hospitalization, laboratory, X-ray, and emergency services.

17

Hisham Ahmed is ORDERED to maintain such health insurance in full force and effect on the child who is the subject of this suit as long as child support is payable for that child. Hisham Ahmed is ORDERED to convert any group insurance to individual coverage or obtain other health insurance for the child within fifteen days of termination of his employment or other disqualification from the group insurance. Hisham Ahmed is ORDERED to exercise any conversion options or acquisition of new health insurance in such a manner that the resulting insurance equals or exceeds that in effect immediately before the change.

Hisham Ahmed is ORDERED to furnish Mercedes Martinez a true and correct copy of the health insurance policy or certification and a schedule of benefits within 10 days of the signing of this order. Hisham Ahmed is ORDERED to furnish Mercedes Martinez the insurance cards and any other forms necessary for use of the insurance within 10 days of the signing of this order. Hisham Ahmed is ORDERED to provide, within three days of receipt by him, to Mercedes Martinez any insurance checks, other payments, or explanations of benefits relating to any medical expenses for the child that Mercedes Martinez paid or incurred.

Pursuant to section 1504.051 of the Texas Insurance Code, IT IS ORDERED that if Hisham Ahmed is eligible for dependent health coverage but fails to apply to obtain coverage for the child, the insurer shall enroll the child on application of Mercedes Martinez or others as authorized by law.

Pursuant to section 154.183(c) of the Texas Family Code, the reasonable and necessary health-care expenses of the child that are not reimbursed by health insurance are allocated as follows: Mercedes Martinez is ORDERED to pay 50 percent and Hisham Ahmed is ORDERED to pay 50 percent of the unreimbursed health-care expenses if, at the time the expenses are incurred, Hisham Ahmed is providing health insurance as ordered.

The party who incurs a health-care expense on behalf of the child is ORDERED to submit to the other party all forms, receipts, bills, statements, and explanations of benefits reflecting the uninsured portion of the health-care expenses within thirty days after he or she receives them. The nonincurring party is ORDERED to pay his or her percentage of the uninsured portion of the health-care expenses either by paying the health-care provider directly or by reimbursing the incurring party for any advance payment exceeding the incurring party's percentage of the uninsured portion of the health-care expenses within thirty days after the nonincurring party receives the forms, receipts, bills, statements, and explanations of benefits.

These provisions apply to all unreimbursed health-care expenses of the child who is the subject of this suit that are incurred while child support is payable for the child.

5.      Secondary Coverage - IT IS ORDERED that if a party provides secondary health insurance coverage for the child, both parties shall cooperate fully with regard to the handling and filing of claims with the insurance carrier providing the coverage in order to maximize the benefits available to the child and to ensure that the party who pays for health-care expenses for the child is reimbursed for the payment from both carriers to the fullest extent possible.

6.      Compliance with Insurance Company Requirements - Each party is ORDERED to conform to all requirements imposed by the terms and conditions of the policy of health insurance covering the child in order to assure the maximum reimbursement or direct payment by the insurance company of the incurred health-care expense, including but not limited to requirements for advance notice to any carrier, second opinions, and the like. Each party is ORDERED to use "preferred providers," or

18

services within the health maintenance organization, if applicable. Disallowance of the bill by a health insurer shall not excuse the obligation of either party to make payment. Excepting emergency health-care expenses incurred on behalf of the child, if a party incurs health-care expenses for the child using "out-of-network" health-care providers or services, or fails to follow the health insurance company procedures or requirements, that party shall pay all such health-care expenses incurred absent (1) written agreement of the parties allocating such health-care expenses or (2) further order of the Court.

7.    Claims - Except as provided in this paragraph, the party who is not carrying the health insurance policy covering the child is ORDERED to furnish to the party carrying the policy, within fifteen days of receiving them, any and all forms, receipts, bills, and statements reflecting the health-care expenses the party not carrying the policy incurs on behalf of the child. In accordance with section 1204.251 and 1504.055(a) of the Texas Insurance Code, IT IS ORDERED that the party who is not carrying the health insurance policy covering the child, at that party's option, may file any claims for health-care expenses directly with the insurance carrier with and from whom coverage is provided for the benefit of the child and receive payments directly from the insurance company. Further, for the sole purpose of section 1204.251 of the Texas Insurance Code, Mercedes Martinez is designated the managing conservator or possessory conservator of the child.

The party who is carrying the health insurance policy covering the child is ORDERED to submit all forms required by the insurance company for payment or reimbursement of health-care expenses incurred by either party on behalf of the child to the insurance carrier within fifteen days of that party's receiving any form, receipt, bill, or statement reflecting the expenses.

8.    Constructive Trust for Payments Received - IT IS ORDERED that any insurance payments received by a party from the health insurance carrier as reimbursement for health-care expenses incurred by or on behalf of the child shall belong to the party who paid those expenses. IT IS FURTHER ORDERED that the party receiving the insurance payments is designated a constructive trustee to receive any insurance checks or payments for health-care expenses paid by the other party, and the party carrying the policy shall endorse and forward the checks or payments, along with any explanation of benefits received, to the other party within three days of receiving them.

9.    WARNING - A PARENT ORDERED TO PROVIDE HEALTH INSURANCE OR TO PAY THE OTHER PARENT ADDITIONAL CHILD SUPPORT FOR THE COST OF HEALTH INSURANCE WHO FAILS TO DO SO IS LIABLE FOR NECESSARY MEDICAL EXPENSES OF THE CHILD, WITHOUT REGARD TO WHETHER THE EXPENSES WOULD HAVE BEEN PAID IF HEALTH INSURANCE HAD BEEN PROVIDED, AND FOR THE COST OF HEALTH INSURANCE PREMIUMS OR CONTRIBUTIONS, IF ANY, PAID ON BEHALF OF THE CHILD.

*Miscellaneous Child Support Provisions*

No Credit for Informal Payments

IT IS ORDERED that the child support as prescribed in this decree shall be exclusively discharged in the manner ordered and that any direct payments made by Hisham Ahmed to Mercedes Martinez or any expenditures incurred by Hisham Ahmed during Hisham Ahmed's periods of possession of or access to the child, as prescribed in this decree, for food, clothing, gifts, travel, shelter, or entertainment are deemed in addition to and not in lieu of the support ordered in this decree.

19

<u>Support as Obligation of Estate</u>

IT IS ORDERED that the provisions for child support in this decree shall be an obligation of the estate of Hisham Ahmed and shall not terminate on the death of Hisham Ahmed. Payments received for the benefit of the child, including payments from the Social Security Administration, Department of Veterans Affairs or other governmental agency or life insurance proceeds, annuity payments, trust distributions, or retirement survivor benefits, shall be a credit against this obligation. Any remaining balance of the child support is an obligation of Hisham Ahmed's estate.

<u>Termination of Orders on Remarriage of Parties but Not on Death of Obligee</u>

The provisions of this decree relating to current child support terminate on the remarriage of Hisham Ahmed to Mercedes Martinez unless a nonparent or agency has been appointed conservator of the child under chapter 153 of the Texas Family Code. An obligation to pay child support under this decree does not terminate on the death of Mercedes Martinez but continues as an obligation to Ameen Ahmed.

*Medical Notification*

Each party is ORDERED to inform the other party within 2 hours of any medical condition of the child requiring surgical intervention, hospitalization, or both.

*Our Family Wizard*

IT IS ORDERED that Mercedes Martinez and Hisham Ahmed shall register and participate fully in the OurFamily Wizard.com program. IT IS FURTHER ORDERED that within ten (10) days of the date of the signing of this Order, each party shall enroll in the program. The initial passwords shall be supplied to insure both parties gain access to using the program, with each party securing his/her own private password after the program is implemented.

Mercedes Martinez and Hisham Ahmed are each ORDERED to utilize this program so that their communication is documented by using the Message board, and to provide a method by which they may advise each other of his/her schedule and the child's schedule and to communicate concerning scheduling issues or changes by using the program's calendar features. The parties are ordered to utilize this program to schedule and advise each other of scheduling changes or requests with regard to the parenting time schedule. Each party is ordered to be responsible for payment of his/her annual cost of a subscription to OurFamilyWizard.com, which shall be paid by each party to OurFamilyWizard.com immediately upon contacting an authorized representative of OurFamilyWizard.com.

IT IS ORDERED that participation by each parent in OurFamilyWizard.com is mandatory until further Order of the court of continuing jurisdiction.

IT IS ORDERED that each party shall enter the following information into OurFamilyWizard.com so that the information is available to the other party:

a. extracurricular activity information of the child, including time, date and schedule of events;

20

b.   dates of physical/mental health appointments for the child, including the purpose of the appointment;

c.   information on medical, dental, and optical providers for the child; and

d.   information regarding the child's school activities.

IT IS ORDERED that for an extracurricular activity for the child for which there is an internet - based calendar, a party shall enter sufficient information so that the other party can look up the schedule on the internet. For an extra-curricular activity for the child for which there is no internet-based calendar, each party is ordered to provide the other party with sufficient information so that the party can obtain a calendar of events.

IT IS ORDERED that the parties shall promptly post the following information on the OurFamilyWizard.com website within the specific time frame after the parent becomes aware of the said information:

a.   knowledge that the child will not be attending a previously scheduled extracurricular activity – immediately, for events occurring that day; or, for events in the future, as soon as practicable under the circumstances, but within 8 hours of becoming aware the child will not attend the activity;

b.   child's non-emergency appointments with health-care providers – within 24 hours' of scheduling;

c.   change in the identity of a health-care provider for the child – within 24 hours' of the change;

d.   change in health insurance – within 24 hours of the change; and

e.   change in the child's activities or school schedule – within 24 hours of the change.

f.   information about designated competent adults who are authorized to pick-up or receive the child at the beginning and end of periods of possession;

g.   information and notice regarding nights the child will be spending away from a parent's residence, including the name, address, and telephone number of the person with whom the child will be staying (or who is in charge of the child's welfare and safety) if a parent is not present.

h.   information regarding health insurance reimbursements. The parties shall utilize the Information Bank, MyFiles, and Expense Log tools on the website to have a future record of all potentially reimbursable expenses in order to mitigate the necessity to litigate in the future over such matters. If a parent does not have the capability of scanning a required document and attaching the electronic version for posting to the website, he or she shall post a description of the document on the website and mail a hard copy of the document by regular first class mail within 2 business days following the posting of the electronic announcement. Each parent shall preserve the original of any scanned document that is posted.

21

IT IS ORDERED that the parties shall routinely use and check "Our Family Wizard" to remain informed of the child's school activities, school projects and testing schedules, the child's activities, medical appointments, and other commitments and obligations, and each parent shall have the obligation to update relevant information as it becomes known to that parent.

Each party is ordered to respond to the other party's request or notification within 48 hours if a response is required. However, if a party will be traveling for a period of time, he or she should post the time period that he or she will be unavailable and said 48 hour time period shall resume on the date that the traveling party returns.

IT IS FURTHER ORDERED that the parties shall not communicate via telephone or texting, except in an emergency or urgent situation regarding the child that must be acted upon in less than 24 hours. In an emergency or urgent situation or when sufficient time would not allow the other party to receive the information through Our Family Wizard, the parties are ordered to communicate only by use of telephone or text messaging for short, specific messages which involve the child's schedules or well-being. The parties are ordered to not use any electronic methods of communication in a repetitive and harassing manner. The parties are ordered to summarize any such text or telephonic communication by a posting to the Our Family Wizard website.

*Information Regarding Parties*

The information required for each party by section 105.006(a) of the Texas Family Code is as follows:

Name: Hisham Ahmed
    Social Security number:     xxx-xx-3127
    Driver's license number:     20725402     Issuing state:     Texas
    Current residence address:     3410 W. Overdale Drive, Pearland, Texas 77584
    Mailing address:     3415 W. Overdale Drive, Pearland, Texas 77584
    Home telephone number:     713-419-9350
    Name of employer:     Sahara Cargo LLC.
    Address of employment:     332 S. Wayside, Houston, Texas 77011
    Work telephone number:     713-419-9350

Name: Mercedes Martinez
    Social Security number:     xxx-xx-1763
    Driver's license number     01837203     Issuing state:     Texas
    Current residence address:     1331 Rainy River, Houston, Texas 77088
    Mailing address:     1331 Rainy River, Houston, Texas 77088
    Home telephone number:     281-636-4715
    Name of employer:     Docusystems
    Address of employment:     5702 Feagan Street, Houston, Texas 77007
    Work telephone number:     713-461-2679

EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER, AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF

22

AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY WITH THE CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

Notice shall be given to the other party by delivering a copy of the notice to the party by registered or certified mail, return receipt requested. Notice shall be given to the Court by delivering a copy of the notice either in person to the clerk of this Court or by registered or certified mail addressed to the clerk at 201 Caroline, Houston, Texas 77002. Notice shall be given to the state case registry by mailing a copy of the notice to State Case Registry, Contract Services Section, MC046S, P.O. Box 12017, Austin, Texas 78711-2017.

NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.

WARNING TO PARTIES: FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY'S NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

23

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

*Division of Marital Estate*

The Court finds that the following is a just and right division of the parties' marital estate, having due regard for the rights of each party and the child of the marriage.

Property to Husband

IT IS ORDERED AND DECREED that the husband, Hisham Ahmed, is awarded the following as his sole and separate property, and the wife is divested of all right, title, interest, and claim in and to that property:

H-1.    All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the husband or subject to his sole control.

H-2.    All clothing, jewelry, and other personal effects in the possession of the husband or subject to his sole control.

H-3.    All sums of cash in the possession of the husband or subject to his sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the husband's sole name or from which the husband has the sole right to withdraw funds or which are subject to the husband's sole control.

H-4.    All policies of life insurance (including cash values) insuring the husband's life.

H-5.    The 2010 BMW 328i motor vehicle, vehicle identification number ᴜʙAPH7G58ANM533C(S, together with all prepaid insurance, keys, and title documents.

H-6.    The business known as Sahara Cargo, including but not limited to all furniture, fixtures, machinery, equipment, inventory, cash, receivables, accounts, goods, and supplies; all personal property used in connection with the operation of the business; and all rights and privileges, past, present, or future, arising out of or in connection with the operation of the business.

Property to Wife

IT IS ORDERED AND DECREED that the wife, Mercedes Martinez, is awarded the following as her sole and separate property, and the husband is divested of all right, title, interest, and claim in and to that property:

W-1.    All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in the possession of the wife or subject to her sole control.
W-2.    All clothing, jewelry, and other personal effects in the possession of the wife or subject to her sole control.

24

W-3.    All sums of cash in the possession of the wife or subject to her sole control, including funds on deposit, together with accrued but unpaid interest, in banks, savings institutions, or other financial institutions, which accounts stand in the wife's sole name or from which the wife has the sole right to withdraw funds or which are subject to the wife's sole control.

W-4.    All policies of life insurance (including cash values) insuring the wife's life.

W-5.    The 2004 Chevrolet Tahoe motor vehicle, vehicle identification number _____ , together with all prepaid insurance, keys, and title documents.

W-6.    The following items, which she may pick up from Husband upon 24 hours of her notice to do so: scrapbook Wife made, umbilical cord set with baby's hair, silver laptop with pictures, all other pictures or copies of pictures on computers, baby clothes plastic tubs, three-piece outfit from Wife's mother, and the child's first Halloween costume.

Division of Debt

Debts to Husband

IT IS ORDERED AND DECREED that the husband, Hisham Ahmed, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the wife and her property harmless from any failure to so discharge, these items:

H-1.    The balance due, including principal, interest, and all other charges, on the promissory note payable to Lone Star Bank, and given as part of the purchase price of and secured by a lien on the 2010 BMW 328I motor vehicle awarded to husband.

H-2.    Any and all debts, charges, liabilities, and obligations in Husband's name or subject to his sole control

H-3.    All debts, charges, liabilities, and other obligations incurred solely by the husband from and after October 1, 2010 unless express provision is made in this decree to the contrary.

H-4.    All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to the husband in this decree unless express provision is made in this decree to the contrary.

Debts to Wife

IT IS ORDERED AND DECREED that the wife, Mercedes Martinez, shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the husband and his property harmless from any failure to so discharge, these items:

W-1.    Any and all debts, charges, liabilities, and obligations in Wife's name or subject to her sole control

W-2.    All debts, charges, liabilities, and other obligations incurred solely by the wife from and after October 1, 2010 unless express provision is made in this decree to the contrary.

25

W-3.    All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to the wife in this decree unless express provision is made in this decree to the contrary.

## Confirmation of Separate Property

The following is confirmed as Wife's separate property:

WSP-1. The 2000 Chevrolet Silverado motor vehicle. vehicle identification number _____, together with all prepaid insurance, keys, and title documents.

### Notice

IT IS ORDERED AND DECREED that each party shall send to the other party, within three days of its receipt. a copy of any correspondence from a creditor or taxing authority concerning any potential liability of the other party.

### Attorney's Fees

To effect an equitable division of the estate of the parties and as a part of the division, and for services rendered in connection with conservatorship and support of the child, each party shall be responsible for his or her own attorney's fees, expenses, and costs incurred as a result of legal representation in this case,

IT IS ORDERED AND DECREED that all payments made to the other party in accordance with the allocation provisions for payment of federal income taxes contained in this Final Decree of Divorce are not deemed income to the party receiving those payments but are part of the property division and necessary for a just and right division of the parties' estate.

### No Alimony

IT IS ORDERED AND DECREED that no provision of this decree shall be construed as alimony under the Internal Revenue Code except as this decree expressly provides for payment of maintenance or alimony under the Internal Revenue Code.

### Court Costs

IT IS ORDERED AND DECREED that costs of court are to be borne by the party who incurred them.

### Discharge from Discovery Retention Requirement

IT IS ORDERED AND DECREED that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

### Decree Acknowledgment

Petitioner, Hisham Ahmed, and Respondent, Mercedes Martinez, each acknowledge that before

26

signing this Final Decree of Divorce they have read this Final Decree of Divorce fully and completely, have had the opportunity to ask any questions regarding the same, and fully understand that the contents of this Final Decree of Divorce constitute a full and complete resolution of this case. Petitioner and Respondent acknowledge that they have voluntarily affixed their signatures to this Final Decree of Divorce, believing this agreement to be a just and right division of the marital debt and assets, and state that they have not signed by virtue of any coercion, any duress, or any agreement other than those specifically set forth in this Final Decree of Divorce.

*Indemnification*

Each party represents and warrants that he or she has not incurred any outstanding debt, obligation, or other liability on which the other party is or may be liable, other than those described in this decree. Each party agrees and IT IS ORDERED that if any claim, action, or proceeding is hereafter initiated seeking to hold the party not assuming a debt, an obligation, a liability, an act, or an omission of the other party liable for such debt, obligation, liability, act or omission of the other party, that other party will, at his or her sole expense, defend the party not assuming the debt, obligation, liability, act, or omission of the other party against any such claim or demand, whether or not well founded, and will indemnify the party not assuming the debt, obligation, liability, act, or omission of the other party and hold him or her harmless from all damages resulting from the claim or demand.

Damages, as used in this provision, includes any reasonable loss, cost, expense, penalty, and other damage, including without limitation attorney's fees and other costs and expenses reasonably and necessarily incurred in enforcing this indemnity.

IT IS ORDERED that the indemnifying party will reimburse the indemnified party, on demand, for any payment made by the indemnified party at any time after the entry of the divorce decree to satisfy any judgment of any court of competent jurisdiction or in accordance with a bona fide compromise or settlement of claims, demands, or actions for any damages to which this indemnity relates.

The parties agree and IT IS ORDERED that each party will give the other party prompt written notice of any litigation threatened or instituted against either party that might constitute the basis of a claim for indemnity under this decree.

*Clarifying Orders*

Without affecting the finality of this Final Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

*Relief Not Granted*

IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied. This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable.

*Date of Judgment*

SIGNED on _____

27

· *Date of Judgment*

SIGNED on _____11/12/13_____

_Bonnie C. Hellums_

JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

Enos Law Firm, P.C.
17207 Feather Craft Lane
Webster, Texas 77598
Tel: (281) 333-3030
Fax: (281) 488-7775

By:_____
Christina S. Tillinger
Attorney for Petitioner
State Bar No. 24003058

The Law Office of Kiri Martin
440 Louisiana, Suite 900
Houston, Texas 77002
713/236-7794
713/236-7722 fax

By:_____
Kiri Martin
SBN: 13090575
Attorney for Respondent

Office of the Attorney General
Assistant Attorney General - CSD Office 609
5225 Katy Freeway, Ste. 300
Houston, Texas 77007
713/861-7427
713/802-9920 fax

By:_____
ERICKA MOORE
SBN 24032781

28

APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:

_____
Petitioner Hisham Ahmed


_____
Respondent Mercedes Martinez

Unofficial Copy Office of Chris Daniel District Clerk

29

**AFFIDAVIT**

COUNTY OF HARRIS § 
§ 
STATE OF TEXAS §

COMES NOW CHRISTINA S. TILLINGER AND STATES UNDER OATH:

MY NAME IS CHRISTINA S. TILLINGER. THE FACTS STATED IN THIS AFFIDAVIT ARE WITHIN MY PERSONAL KNOWLEDGE AND ARE TRUE AND CORRECT.

1.      I AM OVER THE AGE OF 18 AND HAVE KNOWLEDGE OF THE PLEADINGS AND RULINGS IN THE CASE OF HISHAM AHMED AND MERCEDES MARTINEZ IN CAUSE NO. 2013-08674.

2.      THE COURT PAPERS ATTACHED TO THIS RESPONSE ARE TRUE AND ACCURATE DOCUMENTS FOUND IN THE CIVIL RECORDS OF THE DISTRICT CLERK OF HARRIS COUNTY, TEXAS.

SIGNED THIS 27TH DAY OF JULY, 2015.

_____
CHRISTINA S. TILLINGER

SIGNED UNDER OATH BEFORE ME ON JULY 27TH, 2015.

ERIN L PATTERSON
NOTARY PUBLIC
STATE OF TEXAS
MY COMMISSION EXPIRES NOVEMBER 1, 2016

_____
NOTARY PUBLIC IN AND FOR TEXAS

17